ORIGINAL



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK,
-------------------------------------------------------------------------------
KEVIN OTTEY, GRIER BOWEN, EMANI HOWELL, NEFERITTI COVINGTON,
DEBORAH WATKINS, ABRAHAM JAWARA, NAILAH FERNANDES,
TRUSTEE OF THE PAMELA TAYLOR FAMILY TRUST and
SECURED PARTIES: ESTATE EMANI TAYLOR, ESTATE KEVIN OTTEY

**CV 19-1392**

Plaintiffs,

**COMPLAINT**          COGAN, J.
**VERIFIED  AFFIDAVIT**
**JURY DEMAND**

BLOOM, M.J.

-Against-

UNITED STATES OF AMERICA DEPARTMENT OF TREASURY, STEVEN MNUCHIN,
DEPOSITORY TRUST and CLEARING CORPORATION, SUSAN TYSK-COSGROVE,
GENERAL SERVICES ADMINISTRATION, GERARD BADORREK JACQUES JIHA,
Commissioner New York City Department of Finance; OFFICE OF COURT
ADMINISTRATION, JANET M. DiFIORE, Attorney Registration Number 3910569
MICHAEL FICCI. JR., Attorney Registration Number 4454419; JEFFREY MILLER
Attorney Registration Number 2739464; CARLA E CRAIG; Attorney Registration
Number1698893; ROBERT GAVIN, JR., NANCY T. SUNSHINE Attorney Registration
Number 1798982; LAWRENCE STEVEN KNIPEL Attorney Registration Number
1865864; DEBRA LYNN KRAMER Attorney Registration Number 1972405; AVRIL
JON ROSEN Attorney Registration Number 1965573; ELEANOR PHILLIPS;
GREGORY PHILLIPS Attorney Registration Number, IRA KEITH MILLER Attorney
Registration Number 5195714, ARNOLD JOEL LUDWIG Attorney Registration
Number 1264399, JOSEPH FUCITO Sheriff for City of New York Badge Number;
STEWART TITLE COMPANY; MIKHAIL BERLIN Badge Number 416, SHERIFF
MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF
MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS
Badge Number 415, SHERIFF DONALSON Badge Number 414, SHERIFF D. PRATT
Badge Number, STEWART TITLE COMPANY
Each are sued in their individual and official capacities,

Defendants.
---------------------------------------------------------------------------------------------

1

1. Claimants private American Nationals, by descent and Non-Resident Alien of New York invoking the "Laws of the Republic" and to their knowledge are not, nor have been a 14th Amendment U.S. citizen, Black, African American, colored, a vassal, debtor, bankrupt, absconding debtor, resident, legal fiction, enlegis or any other designation the court may have presumptively foist upon their persons without any express or written knowledge and consent. They have not waived ANY of their constitutionally protected GOD GIVEN rights secured under the national and state constitutions of this country.

2. Claimants, seek relief to redress deprivations of their rights as guaranteed by the First, Eighth and Fourteenth Amendments to the United States Constitution to seek redress and petition the government money damages, declaratory and injunctive relief.

3. As such, Plaintiff's **DO NOT CONSENT TO THIS MATTER BEING HEARD OR OTHERWISE TRANSFERRED TO ANY MAGISTRATE.** Also, based upon this matter being against Defendant Craig, one of your esteemed colleagues, we respectfully seek intervention from the United States Justice Department.

4. At all relevant times mentioned herein the defendants were acting under the color and usage of State and Federal law.

5. This Court has subject matter jurisdiction over this action pursuant to U.S.C. 1983 for deprivation of the procedural and substantive rights under Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, 29 USC 1331 and 1334. Venue in this district is proper pursuant to 28 USC 139 (a) (b), and pendent jurisdiction of this Court to entertain claims arising under state law and Federal Law, Federal Racketeering Influenced and Corrupt Organizations Act (RICO), Title 18, United States Code, Section 1959, 1961,and 1962 et seq., This deprivation arises out of a determination.

PARTIES

6. Plaintiff, EMANI HOWELL, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233. Plaintiff is of legal age, **a citizen of the Republic of New York outside the United States and a resident of the State of New York.**

7. Plaintiff, DEBRA WATKINS, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233. Plaintiff is of legal age, a **citizen** of the United States and a resident of the State of New York.

8. Plaintiff, GRIER BOWEN, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233. Plaintiff is of legal age, a citizen of the United States and a resident of the State of New York.

9. Plaintiff, NAILAH FERNANDES, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233. Plaintiff is of legal age, a citizen of the United States and a resident of the State of New York.

10. Plaintiff, PAMELA TAYLOR FAMILY TRUST, is an international foreign Trust whose trust corpus is the subject matter of the within Complaint, more specifically referred to as "the "property."

11. Plaintiff, ABRAHAM JAWARA, is and at all times mentioned in this complaint owner of 246 Decatur Street, Brooklyn, New York 11233. Plaintiff is of legal age, a Secured Party Creditor in the Republic of New York.

12. Claimant, KEVIN OTTEY, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233. Plaintiff is of legal age, a Secured Party Creditor in the Republic of New.

13. Claimant, EMANI TAYLOR, is and at all times mentioned in this complaint owner of 246 Decatur Street, Brooklyn, New York 11233. Plaintiff is of legal age, a Secured Party Creditor in the Republic of New York.

14. Defendant, LETITIA JAMES, is and at all times mentioned in the within complaint, a resident of New York State, and duly elected and sworn, Attorney General of the State of New York herein after referred to as "James."

15. Defendant James is and at all ties mentioned in the herein complaint acting in her official capacity as the states chief law enforcement officer with her duties and obligations partially set forth in New York's Executive Law, Article 5, Section 63 (9) through (13). Among defendant Jame's duties and responsibilities are the

investigations and prosecution of crimes committed against persons and/or businesses, including state agencies and its subdivisions or officials, including, but not limited to prosecution of persons and agencies engaged in the violation of residents civil rights.

16. Defendant James duties are not limited to or restricted to the representation of state employee's in actions arising out of their employment with the State of New York, however, defendant is mutually obligated by New York's constitution and statutory laws to protect plaintiffs, investigate acts of fraud from criminal acts performed by agents of the state acting under the color of law. The prosecution of crimes and violations of plaintiffs rights and those of the herein plaintiffs are partially set forth in New York's Civil rights Law.... Article X et seq, and the Fourteenth Amendment to the United States Constitution, securing plaintiff's rights to equal protection and due process of the laws.

17. Defendant James maintains her principal address at the New York State Department of Law-The Capital, Albany, New York 12224-034. At all times mentioned in the herein complaint, the defendant James was acting Under the color, usages, and customs of state law.

18. Defendant STEVEN MNUCHIN is and at all times mentioned in the within complaint, resident of Washington, D.C., duly elected and sworn, United States Secretary of the Treasury herein after referred to as "Mnuchin."

19. Defendant Mnuchin is responsible for formulating and recommending domestic financial, economic, and tax policy, for the United States of America.

20. Defendant Mnuchin plays a critical role in this lawsuit, as he is the manager of the public debt. Debts alleged owed by Plaintiff's were settled, set off and discharged by his office.

21. Mnuchin is one of the only Defendants who can verify such facts.

22. Defendant COSGROVE is Managing Director and chief Financial Officer of Depository Trust global finance and treasury teams.

23. Defendant, JACQUES JIHA, is and at all times mentioned in the within complaint, a resident of New York State, appointed Commissioner of the New York City Department of Finance the New York City Commissioner of Finance, in charge of administering the City's tax and revenue laws and valuing over one million properties worth $1 trillion.

24. Defendant Jiha's role as oversee the Sheriff Department that acts as the City's chief civil law enforcement officer and is critical in the understanding of portions of the due process violation, malicious prosecution and fraud claims herein.

25. Defendant, JANET M. DiFIORE, Attorney Registration Number 3910569

26. Defendant, MICHAEL FICCI. JR., Attorney Registration Number 4454419; defendant, Ficchi, is and at all times mentioned in the within complaint, a resident of New York State, and is the attorney of record for Co-defendant Jeffrey Miller, appointed at a time that is critical in the understanding of portions of the due process violation, malicious prosecution and fraud claims herein.

27. Defendant, JEFFREY MILLER Attorney Registration Number 2739464; defendant, J. Miller, is and at all times mentioned in the within complaint, a resident of New York State, appointed Referee by the Supreme Court County of Kings and critical in the over standing of portions of the due process violation, malicious prosecution and fraud claims herein.

28. Defendant, CARLA E. CRAIG; Attorney Registration Number1698893; is and at all times mentioned in this complaint is an Chief Administrative Judge of the United States Eastern District Bankruptcy Court, located at 271 Cadman Plaza East, Brooklyn, New York, 11201. Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

29. Defendant Craig plays a critical another critical role in this matter in that she received a specific power of appointment as fiduciary on behalf of Defendants Taylor and Ottey.

30. Defendant, NANCY T. SUNSHINE Attorney Registration Number 1798982; is and at all times mentioned in this complaint is an Chief Administrative Clerk whose business address is 360 Adams Street, Rm 189, 1st Floor, Brooklyn, New York, 11201. Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

31. Defendant ROBERT GAVIN Jr., is and at all times mentioned in this complaint is an Chief Administrative Clerk of the United States Eastern District Bankruptcy Court, located at 271 Cadman Plaza East, Brooklyn, New York, 11201. Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

32. Defendant Gavin plays a critical another critical role in this matter in that he received a specific power of appointment as fiduciary on behalf of Defendants Taylor and Ottey.

33. Defendant, LAWRENCE STEVEN KNIPEL Attorney Registration Number 1865864 is and at all times mentioned in this complaint is an Administrative Judge whose business address is 360 Adams Street, Chambers 11th Floor, Brooklyn, New York, 11201.

Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

34. Defendant Knipel plays a key role in this action in that there was a specific demand that a warrant of eviction be verified, a procedural due process issue, which is the subject of this action.

35. Defendant. DEBRA LYNN KRAMER Attorney Registration Number 1972405 is and at all times mentioned in this complaint is a Trustee whose business address is 38 New Street, Huntington, New York. Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

36. Defendant, AVRUM JON ROSEN Attorney Registration Number 1965573, is and at all times mentioned in this complaint is an attorney representing Trustee whose business address is 38 New Street, Huntington, New York. Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

37. Defendant, ELEANOR PHILLIPS, is and at all times mentioned in this complaint is a of legal age, a citizen of the United States and a resident of the State of Massachusetts.

38. Defendant, GREGORY PHILLIPS Attorney Registration Number, is and at all times mentioned in this complaint is a of legal age, a citizen of the United States and a resident of the State of Massachusetts.

39. Defendant, IRA KEITH MILLER Attorney Registration Number 5195714, is and at all times mentioned in this complaint is a Sheriff whose business address is 26 Court Street, Rm 400, Brooklyn, New York 11201, 9th floor Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

40. Defendant, ARNOLD JOEL LUDWIG Attorney Registration Number 1264399, is and at all times mentioned in this complaint is an attorney whose business address is 26 Court Rm 400, Brooklyn, New York 11201, 9th floor. Plaintiff is of legal age, a citizen of the United States and a resident of the State of New York.

41. Defendant, JOSEPH FUCITO Sheriff for City of New York, is and at all times mentioned in this complaint is a Sheriff whose business address is 210 Joralemon Street, Brooklyn, New York 11201, 9th floor Defendant is of legal age, a citizen of the United States and a resident of the State of New York, upon assuming his ("at will") politically appointed position of Sheriff of the city of New York, located at 3010 Starr Avenue, Long Island City, NY 11101.

42. Defendant, MIKHAIL BERLIN Badge Number 416, is and at all times mentioned in this complaint is a Sheriff whose business address is 210 Joralemon Street, Brooklyn, New

York 11201, 9th floor Defendant is of legal age, a citizen of the United States and a resident of the State of New York. Defendant, MCKOSKER Badge Number 419, is and at all times mentioned in this complaint is a Sheriff whose business address is 210 Joralemon Street, Brooklyn, New York 11201, 9th floor Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

43. Defendant, YANG Badge Number 250, is and at all times mentioned in this complaint is a Sheriff whose business address is 210 Joralemon Street, Brooklyn, New York 11201, 9th floor Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

44. Defendant, MARTELLO Badge Number 320, is and at all times mentioned in this complaint is a Sheriff whose business address is 210 Joralemon Street, Brooklyn, New York 11201, 9th floor, Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

45. Defendant, TORRES, is and at all times mentioned in this complaint is a Sheriff whose business address is 210 Joralemon Street, Brooklyn, New York 11201, 9th floor Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

46. Defendant, SANTOS Badge Number 415, is and at all times mentioned in this complaint is a Sheriff whose business address is 210 Joralemon Street, Brooklyn, New York 11201, 9th floor Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

47. Defendant, DONALSON Badge Number 414, is and at all times mentioned in this complaint is a Sheriff whose business address is 210 Joralemon Street, Brooklyn, New York 11201, 9th floor Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

48. Defendant, PRATT, Badge Number XXX, is and at all times mentioned in this complaint is a Sheriff whose business address is 210 Joralemon Street, Brooklyn, New York 11201, 9th floor Defendant is of legal age, a citizen of the United States and a resident of the State of New York.

## STATEMENT OF FACTS

49. Several Plaintiffs including Ottey and Taylor have been part of an ongoing State Court Action, Kings County index No: 47054/2007.  This matter was commenced by Defendant Ira Miller who alleges he was hired by Defendant Eleanor Phillips. No such

contract of representation has ever been produced. No such claim has EVER been verified by Eleanor Phillips.

50. Defendant Ira Miller utilized information he received about Taylor from an underlying case regarding esteemed Judge John L. Phillips. This resulted in Defendant Ira Miller communicating with Gregory Phillips, son of Defendant Eleanor Phillips.

51. From the onset of this Supreme Court case a large elephant has been standing in the room, and we will give this Court a short overview of Plaintiff Taylor. Taylor was forced to do the job of (4) four appointed Guardians. In the past 2 people held this role. Taylor was handed a bankrupt estate and managed it according to a "Court Order" which was signed by Judge Pesce himself." As Taylor wrote checks to herself, said order permitted her to "pay others who worked on behalf on the Guardianship, as well as pay herself" and then to submit an accounting of who was paid.

52. It was alleged that Taylor "stolen thousands of dollars" as was reported by news outlets and more, even the Chief Administrative Judge Michael Pesce, who praised the work Taylor was doing, later requested the DA to make an inquiry into her actions. A secret Grand Jury was convened and District Attorney Charles Hynes submitted a Press Release; **(Attached Exhibit )** 

53. Taylor was eventually stripped of her livelihood and license to practice law. What was never reported was that Taylor's case caused Michael Pesce sitting Supreme Court Administrative Judge to twice recuse himself where he ultimately was moved to Kings County Civil Court Appellate Division.

54. So now that the elephant has left, we can see how the atmosphere that surrounds the present case and the actions of Defendants Ficchi, Knipel, Ira Miller, and Arnold Ludwig, towards Taylor. It was believed by these defendants that John L. Phillips was related to Defendant Eleanor Phillips. However, this was not so. It was also believed that Taylor submitted a false affidavit alleging Eleanor Phillips did not exist. However, this was not so as well. In Fact Taylor did not sign, seal or initialed the post execution paragraph, submitted by Defendant Stewart which lacked veracity and should have been deemed suspect due to the lack of an "acknowledgement."

55. When DEFENDANT STEWART TITLE handed over files related to said matter to the Court, Defendant Stewart Title falsified the affidavit by post modification of Taylor's Affidavit in attempts to conceal their knowledge of the facts in efforts to remove Defendant Stewarts Title liability. When in fact Defendant Stewarts Title had already known. At

the time of closing, their title report revealed Eleanor Phillips [Sullivan], was alive and living.

56. Defendants Stewart Title Company had specific knowledge that a Surrogate Court petition had been prepared by Taylor herself in 1999. Said petition listed Eleanor Phillips Sullivan as distributee. That is the very same Petition which was used to ultimately obtain Letters of Administration by Gloria Cole, co-surviving distribute and proposed administrator. **(Attached Exhibit )** B

57. Stewart Title failed to protect Taylor from future claims against her title, as required in the Title Contract.

58. Stewart Title submitted a false post closing affidavit, revised in a handwriting that was not Taylors, nor did said Affidavit contain Taylor's endorsement verifying Taylor's alleged Statement, which Stewart Title should have known is require to affirm the validity thereof. **(Attached Exhibit )**

59. As a result, Taylor fought a series of Motion, Decisions, and Orders for 12 years, ultimately resulting in Plaintiff Taylor finally filing for a Bankruptcy in 2017. This was done after an illegal and unlawful seizure of her home, which was looted, damaged and negligently supervised.

### OVERVIEW: 12 YEAR TIMELINE to include but not limit the following;

| | |
|---|---|
| 2007: | Case Commenced Without Sworn Affidavit by Defendant Eleanor Phillips. |
| 2008: | Motion to Dismiss Submitted and Granted against Eleanor Phillips. |
| 2009: | Bankruptcy Filed by Co-Defendant Bank BNC Mortgage |
| 2010: | Lack of Prosecution by Defendant Ira Miller, who was ordered by Court to file Note of Issue by 12-2010. Failure to do so would result in dismissal. (See Attached) |
| 2011: | Bank of America and Plaintiff Taylor File Motion to Dismiss, for failure of Defendant Ira Miller to obtain permission from the Court to *extend time to file Note of Issue.* |
| 2011: | Defendant Ira Miller moves for Cross Motion for Summary Judgment. Commits "fraud upon the Court" doing so without permission from Court to "extend time for Note of Issue" Also there is no Verification by Eleanor Phillips. |
| 2012: | Alleged Order of Court for Summary Judgment against Taylor and Bank of America, ironically which does not bear ANY Judges Name, but has a seal from Defendant Nancy Sunshine. (Attached Exhibit) |
| 2013: | Order of Summary Judgment entered (June 18,2013) |
| 2013: | Defendant Eleanor Phillips Deceased (August 29, 2013) |
| 2014: | Ex-Parte Motion to Appoint Defendant Ficchi, Jr. to represent court appointed Referee Defendant Jeffrey Miller. (March 2014) |
| 2014: | Court Notice to appear for Conference Hearing. Plaintiff Taylor appears and asked where is the other side. Call is made and told Defendant Knipel's Clerk told "this went to |

Summary Judgment and things are being worked out with the Clerk." Taylor asks, how is that possible when you are the Clerk and didn't know about this 2 years later.

2014:  Taylor moves for Quiet Title against Defendant Eleanor Phillips. Defendant Ira Miller and Arnold Ludwig sumitt an Answer. Fraud upon the Court that they represented Eleanor Phillips even though she was deceased. (Attached Exhibit)

2015:  Michael Ficchi moves to Evict Taylor.
Taylor raises issue proper parties are not before the Court. Ignored by Defendant Ficchi, Knipel, Ludwig, Ira Miller, Jeffrey Miller. Ficchi Motion Granted.

2016:  Michael Ficchi moves to Evict Taylor.
Taylor raises issue proper parties are not before the Court. Ignored by Defendant Ficchi, Knipel, Ludwig, Ira Miller, Jeffrey Miller. Ficchi Motion Granted.

2017:  Michael Ficchi Moves to evict Taylor
Taylor raises issue proper parties are not before the Court. Ignored by Defendant Ficchi, Knipel, Ludwig, Ira Miller, Jeffrey Miller.  Ficchi Motion Granted.

2017:  (March 2017) Taylor is unlawfully seized of possession. No Proper parties were before Defendant Knipel. Knipel, Ficchi, Ira Miller, Jeffrey Miller, DiFiore and Ludwig, ignored this "Jurisdictional Defect in the process.
Commences Administrative Process.

2017:  (October 2017) Taylor takes back unlawful seizure and files Bankruptcy.
Listing Defendants Eleanor Phillips, Gregory Phillips, Knipel, Fucito, Ficchi, Ludwig, Ira Miller, Jeffrey Miller.
Not one of these alleged Defendants/Creditors appeared at the 341 Credito Hearing, nor submits any motions to intervene.  The fact was they they were derelict in properly handling Decedent's Estate and therefore, no property party stood before th Defendant Craig.

2017:  Trustee Kramer by Rosen, commenced Advesary Proceeding against taylor after conspiring with Defendants Ira Miller, Jeffrey Miller, Ludwig, Ficchi and Knipel.
Taylor Commences Another Administrative Process and settled, set-off and discharged the lower court proceeding.

2018:  (April 2018)  Taylor received Order of Discharge. Defendant Craig, conspired to allow Defendants Kramer and Rosen to enter into a Stipulation to sell subject properly. Plaintiff' responded to the request Stipulation and moved the Court for a removal and objected to this process on the record.

2018:  (May 2018) Ficchi moves the Court for Order to Eveict Plaintiff's. Plaintiff Taylor objects.
**NOW 5 YEARS LATER** Defendants Ira Miller, Gregory Phillips and Arnold Ludwig, move the Court to be replaced as counsel for the Estate of Eleanor Phillips.

2018:  (July 25 2018) Defendant Taylor Through her Notary advises defendants
Fucito, Berlin, Ficchi, Knipel, Ludwig, Phillips, Ira Miller, Jeffrey Miller to
Send Any and All notice to the notary. Ficchi circumvented this process and in July 2018 sent a fraudulent notice addressed to her copyrighted name and sent the wrong order addressed to Emani Taylor, John Doe, Jane Doe.

2018:          This correspondence was returned to Ficchi, Knipel, and DiFiore "refused for fraud." Taylor
               then commenced a complaint with the Office of the State Attorney General Defendant
               Letitia James by and through her pre-decessor Barbara Underwood. Receipt of such
               investigation has been acknowledged (Attached exhibit)

2018:          Taylor later commenced a complaint with the

60. Defendants Ficchi, Ira Miller, Jeffrey Miller and Arnold Ludwig, were derelict in handling Taylors personal property. They failed to hold Taylors property in safe keeping by placing them in storage and issuing an inventory receipt. Instead Taylor's property was left in the care of Defendants Ficchi, Ira Miller, Jeffrey Miller and Arnold Ludwig and their agents who looted, damaged and stole her property.

61. Upon commencement of the 2017 Bankruptcy filing, Defendants Ficchi, Ira Miller, Jeffrey Miller and Arnold Ludwig were each named Creditors and were required to submit a valid claim. Not one Defendant appeared at the 341 Creditors meeting.

62. During the course of the Bankruptcy Defendant Kramer, Rosen, Ira Miller, Jeffrey Miller, Ficchi collectively conspired to circumvent this process. The fact was NO CLAIM EXISTED by Ficchi, Ira Miller, Jeffrey Miller, Knipel, Gregory Phillips, Eleanor Philips nor Arnold Ludwig because Defendant Eleanor Phillips had been deceased from 2013 through October 2017 (at the time of the filing).

63. Defendant Ira Miller's alleged contract to represent Phillips expired upon her death. Ira Miller was derelict in the handling of Defendants Eleanor Philips case and failed to ask for leave of court to be replaced as her counsel on behalf of her estate. **(Attached Exhibit )** D

64. Therefore, when Taylor commenced the Bankruptcy in 2017, there were no "parties of interest" before the State Court or the Eastern District Bankruptcy Court, which meant that none of the within creditors had ANY standing before that court and absolutely the Bankruptcy had no jurisdiction to hear from any such Defendant.

65. In an attempt to exercise their administrative remedies, in December 2018, Plaintiff's Ottey and Taylor submitted to the Depository Trust Company, GSA, US Department of Treasury, each package submitted by Taylor and Ottey held the following enclosures; GSA Bonds SF 24, 25, 25(a)(16), 28, 90 and 91, an original Birth certificate to GSA and copy of the birth certificate to Depository Trust and Copy to the US Treasury. **(Attached Exhibit )** E

66. This was done to facilitate the settlement of all claims against Taylor and Ottey and to secure the ANY and all verified claims against them. These documents were duly

presented, with instructions of their utilization and deemed received. Pursuant to UCC 3-603.

67. Plaintiff's submitted <u>Letter of Undertaking or Stipulation In the Admiralty</u> pursuant to U.S.C. 1333. Form 56 were filed with the IRS, appointing Defendants Gavin and Craig as Fiduciaries, enclosed were GSA Bonds SF 24, 25, 25(a)(16), 28, 90 and 91, IRS Forms 1099A, 1099C and 1099OID, IRS Form W-9, Original Request for Statement of Accounting True and Correct and Authorities Copy of True Bill no: 1746112 issued by Clerk on April 30, 2018, duly endorsed as follows; "Accepted for Value" "Returned for Value" "Pay to the Order of the United States Eastern District Bankruptcy Clerk c/o Robert Gavin ., Jr "Deposit to the United States Treasury and charge the same to EMANI PAMELA TAYLOR 066542677, Endorsed Social Security Card-UCC Contract Trust Account #066542677, Endorsed Birth Certificate Deposited with the State of New York Division of Licensing on September 12, 2018 and Endorsed Birth Certificate Deposited with the US Treasurer Steven Mnuchin on November 27, 2018 by Taylor. **(Attached Exhibit)**

68. Defendants Cosgrove, Badderek and Mnuchin were served said bonds, along with deposited copies of Plaintiff's Birth Bonds, Cosgrove, Badderek and Mnuchin were therefore negligent in their mishandling of the processing of said bonds and their failure to do so caused a substantial injury therein.

69. Upon the receiving of the bonds, Defendants Craig and Gavin were directed to close out said accounts, Defendants Cosgrove, Badderek and Mnuchin failed to act in a timely manner and caused Plaintiffs grave injury in tort.

70. This administrative remedy was Taylor and Ottey's final attempt to Discharge Case/Account/Bill No: 1746112 and Case/Account/Bill No: 1845790 in the Eastern District Bankruptcy Court.

71. This administrative remedy was also Taylor and Ottey's final attempt to Discharge Case/Account/Bill No: 47054/2007 in the Supreme Court Kings County, where Taylor had also previously discharged same matter by presentment of Bonds SF 1414, 1416, 1418, and more.

72. This was a valid and enforceable contract which required specific performance by Defendants Knipel and Nancy Sunshine. The performance Ordered Defendants to settle, set-off and discharge Taylors Debt.

73. The was a valid and enforceable contract which required specific performance by Defendants Craig and Gavin. The performance Ordered Defendants Gavin and Craig to cancel Ottey and Taylors Debt.

74. These Letters of Undertaking wherein the undersigned agrees to obligations of performance /loss/costs sustained by the Eastern District Bankruptcy Court and to the respectful citizens thereof regarding Account Number (1746112 cec) as well as (18-45790 cec) and finally, Supreme Court Kings County 47054/2007.

75. All related documents have been tendered to The U.S. Department of Treasurer. The amount of this undertaking should have been determined by the Defendant Craig the Judge of the Court and entered by Defendant Gavin the Clerk of Court. For these bonds to be properly credited this amount was required to be filled in and a copy of this document must be returned to the Trustee, Maker, Principal for proper accounting, crediting and payment to Plaintiff's accounts.

76. Defendants Gavin and Craig were required to respond within ten (10) days of the presentment of this Undertaking/Stipulation. UCC 3-603(b) if tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an endorser to accommodating party having a right of recourse with respect to the obligation to which the tender relates. This undertaking includes all insurance or assurance by accommodation signature that has/have already been issued for account/case Number.

77. Upon the expiration of the 3rd day there was an acceptance of Silver Bullion surety bond. It was hereby agreed as contract between all State and Federal corporate public officials and the private party known as Claimant Nobleman Kevin Kado Ottey Bey™©® the public party known as KEVIN OTTEY, and the private party known as Kevin Kado Ottey, Kevin Ottey, that the corporate UNITED STATES and the corporate STATE OF NEW YORK, along with all officers, agents and employees, has now assumed the position of debtor within this bond; granting the Secured Party a perfected security interest, and in all matters contained herein.

78. Upon the expiration of the 3rd day there was an acceptance of Silver Bullion surety bond No: RE 726 135 295 US , it was thereby agreed as contract between all State and Federal corporate public officials and the private party known as Claimant Noblewoman Emani Pamela Taylor™©® the public party known as EMANI PAMELA TAYLOR, and the private party known as Emani Pamela Taylor, Emani Taylor, that

the corporate UNITED STATES and the corporate STATE OF NEW YORK, along with all officers, agents and employees, has now assumed the position of debtor within this bond; granting the Secured Party a perfected security interest, and in all matters contained herein. **(Attached Exhibit)**

79. Pursuant to but not limited to the following codes and laws, please reference: Constitution for the united States of America, Article 1: Section 10 and Article 4; Sections 1 & 4, the Bill of Rights, the Coinage Act of 1792, U.S. Statutes at Large 1 Stat. 246-251, House Joint Resolution 192, U.S. Statutes at Large 48 Stat. 112-113, Public Resolution (Law) 73-10, UCC 1-103, 1-204, l: 207/1-308, 2-403, 2-606, 2-609, 2-610, 3-303, 3-305, 7-103, 9-210, and 9-311, Mills v. Duryee. 11 U.S. 481 *Qfill),* Bank v. Sherman, 101 US. 403,406 (1879). Hale v. Henkel, 201 U.S. 43 (1906). Perry v. U.S., 294 U.S. 330 (1935). Guaranty Trust Co. of New York v. Henwood *et al,* 307 U.S. 247 (1939), Clearfield Trust Co. v. United States, 318 U.S. 363-371 (1943), Cooper v. Aaron, 358 U.S. 1 (1958), Pearlman v. Reliance Ins. Co., 371 U.S. 132 (1962), Downes v. Bidwell. 182 U.S. 244 (1901). (The dissent given by Justice John Marshall Harlan, on Congress unlawfully legislating outside of the Constitution and the loss of Constitutionally guaranteed Freedom; a warning which actually had come to pass, and created two different jurisdictions; a *De Facto* Democracy versus a De *Jure* Republic), Coleman v. Miller, 307 U.S. 433,448 {1939}, Dyett v. Turner, 439 P.2d 266 (1968), State *v.* Phillips, 540 P.2d 936 (1975), Marbury v. Madison, 5 U.S. 137 (1803), Norton v. Shelby County, l 18 U.S. 425 (1886).

80. The intent of the bond, under Seal, established, by Plaintiff's witnesses, the good credit, in the sum certain amount of 24Troy ounces of .999 silver bullion, which carries no debt obligation worldwide, lawful substance of lawful specie money of the united States of America, available to bond the actions of the private party listed above, and further, in reservation of Rights under common law and customs of the united States of America, Original Jurisdictions, Original Rules, has, before this assembly of Men, a bond in tender of 24 Troy ounces of .999 silver bullion, Coinage Act of A.D. 1792, Bond of Identity and Character as proof positive, competent evidence, Noblewoman Emani Pamela Taylor™©, EMANI TAYLOR, EMANI PAMELA TAYLOR, Emani Pamela Taylor, Pamela Taylor cannot be bankrupt, *via* the *cause debendi,* not *cessio bonorum,* or *informa pauperis ,* and *dolus* to trust EMANI PAMELA TAYLOR©™®

81. Defendant Gavin and Craig were obligated under their contract to fulfill their role as fiduciaries., This included the settlement of any and all underlying claims if verified, by any State Creditors which included but not limited Defendants Knipel, Ficchi, Ira Miller, Gregory Phillips, Jeffrey Miller, NYC Department of Finance Sheriff's Office, Jiha, Fucito, Berlin, Pratt, DiFiore, Sunshine, Eleanor Phillips. Order of Discharge was issued. Copy of said Order to Fucito, however, many documents have been seized preventing Plaintiffs from presenting further proofs of their claims **(Attached Exhibit)**

82. Defendants Gavin and Craig's failure to execute their fiduciary duties to discharge the State Court Claims caused Plaintiff's substantial injuries; this was a blant breach of contract.

83. Defendants CosGrove, Badorreck and Mnuchin play critical roles in the within action as it relates to the claims of Plaintiffs. Plaintiffs have reasonably relied upon their administrative process, which effectuated a complete set-off, discharge of all valid claims as it relates to the Public Debts of Taylor and Ottey.

84. Moreover, Defendants by and thru their agents U.S. Office of the United States Trustee, Certified Mail No: 7017 2680 0000 7772 0811, https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=7017%202680%200000%207772%200811, principal for Defendant Craig Agent for United States Eastern District Bankruptcy Court of New York , Certified Mail No: 7017 2680 000 771 2960, Robert Gavin, Certified Mail No: 7017 2680 0000 7772 0828 ; and Mnuchin by his Agent Robert Van Zeck, Office of Commissioner of the Public Debt, US Department of Treasury, Bureau of Public Debt via; Registered Mail Receipt RE 783 636 661 US https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=re783636661us%2C%2C. **(Attached Exhibit)**

85. Prima Facie evidence and proof to this Court that a full set-off/settlement and discharge has been presented to ALL Defendants and instructions of their underlying obligations.

## MEMORANDUM OF LAW ON BONDS

86. Bonds, when first issued, come under Article 3 of the Uniform Commercial Code, the House Joint Resolution 192 bankruptcy is still on going, but all gold and silver clauses in all new obligations created after 1977 have been enforceable since October 27lh, 1977.), U.S. v. Frega, 179 F.3d. 793 (9th Cir. 1999), Public Laws 89-719, 94-564, 95-147 (c), the U.S. House of Representatives of Pennsylvania's Hon. Louis T. McFadden's 1934 speech on the Federal Reserve Corporation and the U.S.

Bankruptcy, United States of America Congressional Record; Proceedings and Debates of the 76th Congress: Third Session in August through September of HJR 940- [emphasis added: the Secret unification of Great Britain. Israel and the United States! Steps Toward British Union, a World State and Internal Strife-Parts I-IX; remarks of Hon. J. Thorkelson of Montana, in the U.S. House of Representatives, The Book "Modern Money Mechanics " by the Federal Reserve Bank of Chicago and 26 USC 165(g)-value of Federal Reserve Notes (fiat currency) and bank checks having no commodity or intrinsic value whatsoever, and cannot stand as consideration in any contracts), 8 USC I 40I (b), 18 USC 8, 241, 242, 245, 891-894, 1091, 1001, 134, 6 1581, 1583 & 1961-1964, 28 USC 3002 *et seq* and 31 USC 5118(d)(2); *et al* public records, laws or codes to secure unalienable rights, redress, obtain remedy, accord and satisfaction, and relief.

87. The fact that Defendants Fucito, Knipel, Ficchi, Miller and Miller continued to proceed against plaintiffs might lie in the hands of Defendants CosGrove, Baddereck and Mnuchin. Under Article 2 of the Uniform Commercial Code, there is a constructive condition of performance requiring both parties to perform their duties as required by the contract as under Article 2A, Article 3 Negotiable instruments, Article 4A—Funds Transfers—was approved for submission to the states for enactment, article 5 letter of credit, Article 9 regulates the creation of security interests, and the enforcement of those interests, in movable or intangible property and fixtures.

88. Defendant Baddereck of the Depository Tust Company was submitted an original Birth Certificate along with requisite copies were each sent via registered mail Cosgrove, Baddereck and Mnuchin's Agent's i.e., Zeck of Bureau of Public Debt, failed to report settlement, set-off and discharge pursuant to UCC 3-305 thereby violating Plaintiff's Taylor and Ottey's rights as Holder's In Due Course.

89. On the 29th day of January, 2019 defendants Ira Miller, Jeffrey Miller, Knipel, Ficchi, Berlin, and Fucito, acted under color of law and commenced a series of illicit acts against plaintiffs, designed to deprive them of their constitutional and civil rights, which is covered under Title 18 USC 1341 and 1342: Frauds and Swindles doing everything imaginable to make a 12 year long case go away, including but not limited to acts of extrinsic fraud upon the court , mail fraud, conspiracy, kidnapping, intentional and negligent torts.

90. That in the performance of the acts complained of herein, resulted in the deprivations of the plaintiff's constitutional and civil rights, defendant Ficchi, Berlin and Fucito enlisted the assistance of defendants Morales, Pratt, Yang, Donalson, Torres, Martello.

91. Further, each of the aforementioned defendants, exclusive of defendants James, Jiha, DiFiore, Sunshine, Mnuchin, Cosgrove, Badderek...were acting under the direction and/or suggestion of defendants Knipel and Fucito as the ("Judge") and Sheriff of the City of New York, herein after referred to as (" Sheriff Office").

92. Since on or about September 2018, defendants Fucito, Ficchi, Ira Miller, Jeffrey Miller, Berlin, and Knipel entered into an on-going conspiracy to retaliate against the Plaintiffs.

93. Since on or about September 2018, Plaintiff's submitted several notices and affidavits to Fucito, Ficchi, Ira Miller, Jeffrey Miller, Berlin, and Knipel which remain un-rebutted and each are in default while acting at all times under the color and usages of state law.

94. Defendants Knipel, Ficchi, Berlin, Ira Miller, Jeffrey Miller and Fucito acted with full knowledge and agreement among themselves, they would execute a warrant of eviction without a supporting affidavit. Each of their actions was in violation of both federal and state laws, which included substantive and due process violations.

95. More specifically on or about the 18th day of January, 2019 defendants James, Knipel, Ira Miller, Jeffrey Miller, Ficchi, Berlin and Fucito were sent via Notary Presentment, Notary Gabriel O. Mensah who duly served a WRIT IN THE NATURE OF DEMAND FOR VERIFIED AFFIDAVIT upon said defendants. **(Attached Exhibit)**

96.    This Writ was unanswered and remains un-rebutted and a Certificate of Non-Response was duly served upon defendants James, Knipel, Ira Miller, Jeffrey Miller, Ficchi, Berlin and Fucito un-rebutted and un-answered.

97.    Rather than providing Plaintiffs with a valid response, Defendants Knipel, Ira Miller, Jeffrey Miller, Ficchi, Berlin and Fucito conspired to execute a warrant of eviction which was not supported by a Verified affidavit and seal.

98.    Rather than providing Plaintiffs with a valid response, Defendants Knipel, Ira Miller, Jeffrey Miller, Ficchi, Berlin and Fucito conspired to execute an unlawful search of Plaintiff's property knowing said search was un-supported by a Verified affidavit and seal.

99.    Rather than providing Plaintiffs with a valid response, Defendants Knipel, Ira Miller, Jeffrey Miller, Ficchi, Berlin Fucito conspired to execute an unlawful seizure of

two (2) large garbage bags of Plaintiff Taylor's personal property The search was warrantless, outside the scope of their authority and un-supported by a Verified affidavit and seal.

100.        Prior to Defendant entering the premises they were asked to produce the affidavit and seal supporting the alleged warrant of eviction.

101.        Each time Plaintiff Ottey requested this document, which was required to be presented in order to execute said warrant, Defendants denied Plaintiff's Ottey's request, Plaintiff Ottey requested said supporting affidavit for an extended period, in fact said request was witnessed and video recorded by Plaintiffs and non-plaintiffs.

102.        Defendants Fucito, Ira Miller, Jeffrey Miller, Ficchi, Ludwig, Berlin, Yang, Morales, Pratt, Davis, acted in blatant disregard to Plaintiff's rights, denying them procedural due process of the law, prior to the search of their home was an intentional act that caused all Plaintiff's intentional and emotional harm. Defendants, CITY OF NEW YORK, NEW YORK CITY DEPARTEMENT FO FINANCE, JACQUES JIHA, NEW YORK CITY OFFICE OF THE SHERIFF, JOSEPH FUCITO Sheriff for City of New York Badge Number; MIKHAIL BERLIN Badge Number 416, SHERIFF, MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, and SHERIFF D. PRATT Badge Number unknown, were negligent and failed to provide appropriate Affidavit Supporting the Execution of a Warrant of Eviction from State of New York County of Kings Court "Order" which ultimately lead to the unlawful seizure of 2 large garbage bags of personal property of Claimants which were removed on that day, failure to turn over a proper Inventory List of Claimants personal property, unlawful eviction, unlawful seizure and unlawful possession of the property known as 246 Decatur Street, Brooklyn, New York 11233 All floors and the unlawful arrest and ultimate kidnapping of Plaintiffs Taylor and Ottey.

103.        CITY OF NEW YORK, NEW YORK CITY DEPARTEMENT FO FINANCE, JACQUES JIHA, COMMISSIONER, NEW YORK CITY OFFICE OF THE SHERIFF, JOSEPH FUCITO Sheriff for City of New York Badge Number; MIKHAIL BERLIN Badge Number 416, SHERIFF, MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, and SHERIFF D. PRATT Badge Number unknown, their agents, servants and/or employees, were careless and negligent, in among other things, where  Fucito, and his deputy sheriff agents herein

described acted under color of law and commenced a series of illicit acts against plaintiffs, designed to deprive them of their constitutional and civil rights. That in the performance of the acts complained of herein, resulted in the deprivations of the plaintiff's constitutional and civil rights, Respondents Jiha, Fucito enlisted the assistance of MIKHAIL BERLIN Badge Number 416, SHERIFF, MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, and SHERIFF D. PRATT Badge Number unknown

104. Defendants CITY OF NEW YORK, NEW YORK CITY DEPARTEMENT FO FINANCE, JACQUES JIHA, COMMISSIONER, NEW YORK CITY OFFICE OF THE SHERIFF, JOSEPH FUCITO Sheriff for City of New York Badge Number; MIKHAIL BERLIN Badge Number 416, SHERIFF, MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, and SHERIFF D. PRATT Badge Number unknown, their agents, servants and/or employees, their agents, servants and/or employees, were careless and negligent, in among other things, in their failure to timely respond a request for verified Affidavit Supporting the Warrant/Order of Eviction on January 11, 2019.

105. Defendants CITY OF NEW YORK, NEW YORK CITY DEPARTEMENT FO FINANCE, JACQUES JIHA, COMMISSIONER, NEW YORK CITY OFFICE OF THE SHERIFF, JOSEPH FUCITO Sheriff for City of New York Badge Number; MIKHAIL BERLIN Badge Number 416, SHERIFF, MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, and SHERIFF D. PRATT Badge Number unknown, their agents, servants and/or employees, their agents, servants and/or employees, were further negligent, careless and reckless in failing to properly supervise their agents, servants and/or employees; failing to maintain all reasonable records to include those obtained by Defendants Ira Miiller, Jeffrey Miller, Ficchi, Ludwig, Sunshine and Knipel Court; by failing to properly and adequately supervise and/or direct their employees on the proper manner in which to assist and provide aid to individuals in need of aid and more specifically decedent Plaintiff's; ignoring the claimant's request for supporting affidavit in support and prior to execution of said warrant; failing to present said affidavit upon Defendants arrival on January 29, 2019, failing to present to Claimant Ottey and Taylor and upon threats,

and coersion to simply open door without ANY supporting Affidavits in a prompt and timely fashion; violating all applicable codes, statutes, laws, rules, regulations and ordinances; failing to employ sufficient, efficient, competent and qualified agents, servants and/or employees; failing to exercise the degree of skill, care and diligence to which these claimant's were entitled; negligent in the operation, management, maintenance, control, supervision and inspection of their agencies, programs, employees or agents, more particularly their Berlin, and Fucito; negligent in the hiring, training and retention of the respondents' employees; failing to adequately supervise their staff and technicians; in failing to comply with the rules and regulations promulgated by the CITY OF NEW YORK, NEW YORK CITY DEPARTEMENT FO FINANCE, NEW YORK CITY OFFICE OF THE SHERIFF, JOSEPH FUCITO Sheriff for City of New York Badge Number; MIKHAIL BERLIN Badge Number 416, SHERIFF , MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, and SHERIFF D. PRATT Badge Number unknown, regarding use of its staff and that said employees violated the internal rules, regulations, manuals, protocols and guidelines of the Respondents herein; and these Respondents were otherwise careless, derelict, intentional and negligent in their duty and care of the executions of their obligations herein.

106.      Defendants' CITY OF NEW YORK, NEW YORK CITY DEPARTEMENT FO FINANCE, NEW YORK CITY OFFICE OF THE SHERIFF, JOSEPH FUCITO Sheriff for City of New York Badge Number; MIKHAIL BERLIN Badge Number 416, SHERIFF , MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, and SHERIFF D. PRATT Badge Number unknown, acted in blatant disregard to Plaintiff's rights, denying them substantive due process of the law, prior to the unlawful seizure of their home.

107.      There are several video recordings of Defendants CITY OF NEW YORK Agent(s), NEW YORK CITY OFFICE OF THE SHERIFF, JOSEPH FUCITO Sheriff for City of New York Badge Number; MIKHAIL BERLIN Badge Number 416, SHERIFF , MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, and SHERIFF D. PRATT Badge Number unknown, actions from the time of their arrival upon the premises until the closing of the property.

108.     Defendants' CITY OF NEW YORK, by their Principal NEW YORK CITY DEPARTEMENT FO FINANCE, NEW YORK CITY OFFICE OF THE SHERIFF, JOSEPH FUCITO Sheriff for City of New York Badge Number; MIKHAIL BERLIN Badge Number 416, SHERIFF , MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, and SHERIFF D. PRATT Badge Number unknown, created an atmosphere of fear, intimidation and humiliation ripping opening, personal letters, parcels, bags, beds, bedding and destroying clothing causing intentional distress to Plaintiff's by executing an unlawful search unsupported by a supporting affidavit and seal.

109.     More specifically Defendants Pratt, Morales, Yang and Davis executed an unlawful and then seized two (2) large garbage bags of Plaintiff Taylor's personal property, carrying the bags outside of Plaintiff Taylors home and without providing a "Property Voucher" to Taylor or any other Plaintiff. The search was warrantless, outside the scope of their authority and un-supported by a Verified affidavit and seal.

110.     Moreover, Defendant Yang demonstrated the highest level of unprofessionalism creating a mockery of Plaintiff's Howell and Watkins, where he unlawfully searched a closed bag, found another closed bag where Plaintiff kept her private sexual paraphernalia. Defendant Yang, opened the bag, discovered a Dildo, took it out of the bag, threw it in the direction of Plaintiff Watkins and hit her in the head.

111.     Plaintiff's Watkins and Howell suffered humiliation and shame as the result of Defendant Yang's acts and later shared that incident with Defendant Ficchi.

112.     Defendant Yang demonstrated additional unprofessionalism, by pulling out his cell phone and mimicked Plaintiff's while saying, "well I'm filming you while you're filming me."

113.     Further, the concerted acts of the defendants represented a common scheme and plan to deprive plaintiffs of their guaranteed constitutional and civil rights as set forth in Title 42 USC 1983, 1985 and 1986, as a continuing conspiracy, and additionally acted in a concerted effort and design, jointly and severally as members of an organized group of Sheriff's, to use physical threats and intimidation to collectively deprive Plaintiff's of their guaranteed constitutional and civil rights in violation of 18 USC 1959 and 1961, to secure personal benefit for members of their group, which would consist of personal financial gain in their individual and collective capacities

which included falsification of official state documents in violation of New York Laws and Civil Procedure.

114.       The defendant's acts complained of herein represent a pattern and practice which are well documented, and known by defendant James, the office of Attorney General of New York State, as the ensuing claims and exhibits of the plaintiffs will demonstrate.

115.       The Office of the Attorney General by and through James and her predecessors where sent several communications regarding the fraudulent actions of Defendant Ira Miller, Knipel, Ficchi, Fucito, Berlin and Jiha.

116.       All defendants were silent in response to the Writ and the requisite response required as a matter of law. A reviewing court should attach great significance to silence in the face of a specific request, when responsive evidence is later shown to have been in the Government's possession. Such silence actively misleads in the same way as would an affirmative representation that exculpatory evidence does not exist when, in fact, it does In *Mooney v. Holohan*, 294 U.S. 103 (1935), the Court reasoned that "a deliberate deception of court and jury by the presentation of testimony known to be perjured" is inconsistent with "the rudimentary demands of justice." *Id.* at 112. The Court reaffirmed this principle in broader terms in *Pyle v. Kansas*, 317 U.S. 213 (1942), *where it held that allegations that the prosecutor had deliberately suppressed evidence favorable to the accused and had knowingly used perjured testimony were sufficient to charge a due process violation."*

117.       More specifically Ira Miller alleges that co-defendant Eleanor Phillips hired him in 2007. No such representation has ever been authenticated or verified.

118.       Without legal or lawful authority, Defendant Ira Miller continued his representation of Eleanor Phillips with full knowledge she was deceased, her obituary published by Dignity Memorial reads "*Obituary Eleanor Phillips May 13, 1920-August 13, 2013.* "

119.       Defendant Ira Miller's representation ceased upon her death, thus he committed ongoing and continuous acts of fraud upon the court by submitting motions requesting relief from the court.

120.       As of the filing of this Complaint, there is no Order of record, which allows Knipel, Ira Miller, Jeffrey Miller, and Michael Ficchi, Arnold Ludwig the right to continue ANY action on behalf of the Estate of Eleanor Phillips.

121.    Thus most, if not all act(s)committed against Plaintiffs by these defendants were collectively malicious, arbitrary and capricious with full knowledge and intent to cause mental, physical and emotional harm upon Plaintiffs, thus acting outside the scope of their official capacity.

122.    As such their actions has been abandoned as a matter of law and Plaintiff Taylor's asset must be returned and each of these attorney's actions must be reviewed ethically as well as criminally.

123.    We ask this Court to take judicial notice of certified copies, which have been authenticated by the New York State Department of State. This is prima facie evidence, that does not require the Court to await trial to establish, because this Court also bears the obligation to report the acts of these attorneys;

124.    RULE 8.3: REPORTING PROFESSIONAL MISCONDUCT (a) Any lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation. (b) A lawyer who possesses knowledge or evidence concerning another lawyer or a judge shall not fail to respond to a lawful demand for information from a tribunal or other authority empowered to investigate or act upon such conduct. (c) This Rule does not require disclosure of: (1) information otherwise protected by Rule 1.6; or (2) information gained by a lawyer or judge while participating in a bona fide lawyer assistance program.

125.    Defendants Ficchi, Knipel, James, Jeffrey Miller, Arnold Ludwig and DiFiore each knew that Defendant Ira Miller and Ficchi committed ongoing and continuous acts of fraud upon the court by alleging their continued representation of Decedent Eleanor Phillip.

126.    These fraudulent acts included but were not limited to Defendants Ficchi, Jeffrey Miller and Ludwig submitted Ex-Parte Motions to the Court, Answered, Motions, Opposed Motions, appeared on court matters with specific knowledge that their Plaintiff/Defendant Eleanor Phillips was deceased. **(Attached Exhibit)** K

127.    While Ficchi might not have known at the time of this appointment that Defendant Eleanor Phillips was dead, it was simply a matter of time before he had specific knowledge in a Motion for Quite Title commenced by Plaintiff Taylor under Index No. 15982/14, the Complaint laid out specific facts and proof that Defendant Eleanor Phillips was deceased.

128.    While, that action was later dismissed against Defendants Ficchi and Jeffrey Miller.  It was not dismissed against Defendants Ira Miller and Arnold Ludwig for decedent Eleanor Phillips.  Based upon their answer, they committed extrinsic fraud upon the court. It is here that the duty to report professional misconduct arose as between each of these defendants.

129.    These fraudulent acts included but were not limited to Ira Miller submitting through his counsel co-defendant Ludwig, ExParte Motions to the Court, Answering, Motions, and Opposing Motions, making court appearance and acknowledging Verified Affidavits sworn to under the penalty of prejudice.

130.    The Office of Defendant DiFiore as well as the Administrative Office of Defendant Lawrence Knipel where sent several communications, via registered and Certified mail regarding the aforementioned fraudulent actions of Defendants Ficchi, and Ira Miller.

131.    The defendant's acts complained of herein represent a pattern and practice which are well documented, known by Defendants Difiore, as Chief Administrative Judge of Office of Court Administration, known by Chief Administrative Judge Lawrence Knipel, as the ensuing claims and exhibits of the plaintiffs will demonstrate, because all matters were brought before Knipel directly.

132.    For over 5 years, Defendants had specific notice that co-defendant Eleanor Phillips was deceased. From 2013 through 2018 any such Defendant could have moved the Court to have the Estate of Eleanor Phillips be replaced with her actual Estate, however each defendant failed to act, address, or cure this serious jurisdictional issue which was in violation of CRPL 3419 regarding decedent as well as New York Estate Trust Law.

133.    Pursuant to New York Rules of Professional Conduct, there was a specific obligation, which required each defendant to initiate disciplinary investigation when they know of a violation of the Rules of Professional Conduct. Each Defendant had a similar obligation with respect to judicial misconduct. Once Defendant Knipel and DiFiore were on such notice, each of them held an obligation to report the conduct.

134.    It can only be said that Defendants silence and failure to intervene, were acts conspiratorial in nature, and in light of the fact that said defendants failed to intervene these defendants were collectively malicious, arbitrary and capricious in their negligence with full knowledge of the acts complaint of by Plaintiffs, thus acting outside the scope of their official capacity.

135.     As previously mentioned, Plaintiff Taylor filed a Bankruptcy action, naming defendants, Eleanor Phillips, Gregory Phillips, Ficchi, Ira Miller, Jeffrey Miller, Arnold Ludwig and Fucito as "creditors."

136.     This was done after Defendant Fucito unlawfully seized Taylor from possession of her home in March 2017. The property was turned over to Ludwig, naming himself attorney for Eleanor Phillips. This act alone constituted additional fraud upon the Court as well as fraud upon Taylor.

137.     Defendant Fucito and Pratt, were each hand delivered, express mailed correspondence entitled "Actual and Constructive Notice of Defendant Eleanor Phillips Death. They were required to be diligent in their review of the court file. They were required as fiduciaries of the people of the City of New York to conduct a thorough investigation of the facts and circumstance upon which they held the constitutional authority to execute their office.

138.     Rather than exercise the level of assiduousness required Defendants Fucito and Pratt ignored the standards of the law and executed a unlawful warrant unsupported by Affidavits supporting the roles of all parties.

139.     Defendants Pratt, Fucito, Ludwig and Ira Miller failed to turn over any list of assets, and Ludwig received possession in a capacity in which no lawfully recognized authority existed.

140.     Unbeknownst to Defendant Berlin, Defendant Ficchi enlisted and solicited the services of Defendant Berlin, whom requested a ransfer several months prior. Berlin was thr onl NYC sheriif without actual and constructive notice. Ironically, due to the fact that Berlin's first eviction he was instructed to perform.

141.     Berlin made a request to be moved to NYC Sheriff's office and that request went unrecognized until, Ficchi solicited him. It is ironic that Ficchi reached all the way up to the Finger Lakes to find a Sheriff who was unfamiliar with the facts of this case, and who was given Taylors case as his first assignment. Coincidence, no, set-up yes.

## BAILEE/BAILOR RELATIONSHIP

142.     Defendant Ira Miller nor Ludwig possessed any legal standing as representatives of Decedent/Defendant Eleanor Phillips. This meant that they were not the necessary parties before the Eastern District as well as The State of New York Supreme Court County of Kings court between August 29, 2013 and up until present. **(Attached Exhibit)**

143.    Defendant's were derelict in their duties in mishandling, damage and destruction of subject property. In 2017, based upon an illegal seizure, Defendant Ira Miller, Michael Ficchi and Arnold Ludwig received Taylor's and Jawara assets as alleged "Bailor." Ludwig signed as Receiver "Attorney for Plaintiff."

144.    Defendants Ira Miller, Jeffrey Miller, Michael Fiche and Arnold Ludwig failed to produce ANY Inventory list, which outlined which of Taylor and Javari's assets, were in their possession.

145.    The fact that Defendant Ludwig did not have ANY legal standing, as a bailor, he could not be holding lawful possession of Taylor and Jawara's assets, and Taylor was free to reclaim their assets.

146.    Defendant Ludwig, Ira Miller, Ficchi, Jeffrey Miller, Knipel and DiFiore each knew that Ludwig held no right of law to claim himself the fiduciary of Decedent Eleanor Phillips estate, because he nor Defendants Ficchi, Jeffrey Miller nor Ira Miller were necessary parties before the Court.

147.    Thus each of these Defendants are jointly and severally liable for all injuries caused Plaintiff's Taylor, and Jawara as the result of the 2017 Seizure.

148.    Plaintiff Taylor and Jawara hold defendants DiFiore as Chief Administrator of the Office of Court Administration, and Knipel as Chief Administrator of Supreme Court of the State of New York County of Kings in violation of Plaintiff's substantive due process of law by failing to intervene.

149.    Plaintiff Taylor and Jawara hold defendants DiFiore as Chief Administrator of the Office of Court administration, and Knipel as Chief Administrator of Supreme Court of the State of New York County of Kings for violation of Plaintiff's procedural due process of law by failing to report these acts.

**Mail Fraud vitiates all contracts and makes them void ibinitio**

150.    In furtherance of their scheme defendants have recently utilized the United States Postal Service to induce the Sheriff's Department to take action against Plaintiff's.

151.    On or about September 28, 2018 whereupon an alleged 5-day notice was served upon her door and mailbox. Said notice served upon Plaintiff Taylor also included names Jane Doe, John Doe. No other such notice was ever sent. This was insufficient in itself to be proper notice upon any Jane Doe, John Doe or any other Plaintiff claiming rights herein. **(Attached Exhibit)** M

Common Law Copyright/Copyclaim & Mail Fraud

**152.** Once Defendants Knipel, Ficchi, Ira Miller, Jeffrey Miller, Ludwig, Craig, Kramer, Rosen were sent adequate notice of this claim to intellectual property and subsequent acts of these defendants is a violation thereof. by utilizing a postal depository and their agents for delivery, addressing to Plaintiff Taylor and publically posting for all public to see, Defendants Berlin, Ficchi, Ira Miller, Jeffrey Miller, Ludwig, Fucito and Ficchi are each individually infringed upon Plaintiff Taylor's Common law Copyright. **(Attached Exhibit)** 

153. Said notice was in violation to a July 25, 2018 private communication which placed all Defendants involved under Kings County index 47054/2007, Office of Court Administration, Sheriff Joseph Fucito, Attorney General, Department of Labor, IRS, Governor and more to take notice and care to communicate and send all notices specifically to Public Notary Matha Cantey Number #01CA5081235.**(Attached Exhibit )**

154. Rather than submit notices through this public official, Defendants circumvented Taylor's administrative remedy.

155. The purpose of Taylors request that all notices be submitted through the Notary Public, was to ensure Defendants acted with integrity and accountability when communicating with Plaintiff Taylor. This was necessary seeing that Defendant Ficchi Purported to have properly and lawfully served Plaintiff with a Notice of Entry of a Court Order which never occurred.

**156.** Such notice was sent using the USPS mail carriers as agents of fraud. A copy of the notice Defendant Ficchi served upon Taylor is in its original state. Stapled, with the original envelop, which bears markings that are too specific for Plaintiff to have in her possession. **(Attached Exhibit)**

157. The copy of the Order Defendant Ficchi served upon Taylor bore a totally different caption, Index Number and Order, signed by a judge other than Knipel. This act was done to undermine and deprive Plaintiff due process. **(Attached Exhibit)** "

158. Defendant Ficchi, intentionally committed extrinsic fraud upon the Court by alleging he made a proper service of the Notice of entry. Defendant Knipel, Ira Miller, Jeffrey Miller, Fucito, Berlin and DiFiore each had specific knowledge of this fraud. Defendant Knipel, Ira Miller, Jeffrey Miller, and DiFiore each had specific knowledge of this fraud, yet failed to report the conduct of these attorneys.

159. Defendant Ficchi received specific notice in two (2) complaints filed with the Office of the Attorney General Real Estate Fraud Department and the USPS Post Master General Website, to each complaining of Mail Fraud in the utilization of USPS

Postal Agents as Process Servers of fraudulent documents. Rather than curing said defect, Defendant allowed said service to stand as proper service in violation of the New York Rules of Civil Procedure.

160.    This rendered the service as jurisdictionally defective as a matter of law. Said service could not be cured except by a new service. No such new service was ever forthcoming because this was the Notice that Defendants Fucito, Berlin, Yang, Morales, Pratt, Davis, NEW YORK CITY DEPARTMENT OF FINANCE OFFICE OF SHERIFF relied on in seizing Plaintiff's from Possession in 2019.

161.    Defendants Ira Miller, Jeffrey Miller, Ficchi, Knipel, DiFiore, Fucito, Ludwig and Berlin were warned that the Order upon which they relied was fraudulently submitted.

162.    Each of the named defendants Ira Miller, Jeffrey Miller, Ficchi, DiFiore, Fucito, Jacques Jiha, Berlin, Ludwig and James and/or her predecessor were each placed on notice of said fraud and failed to intervene on behalf of Plaintiff's.

## EXHAUSTING ADMINISTRATIVE REMEDY

163.    Plaintiff's sought their lawful administrative remedy in the form of a Notary Presentment of an AFFIDAVIT OF FACT- WRIT IN NATURE OF REQUEST FOR A VERIFIED ORDER/WARRANT SWORN TO UNDER THE PENALTY OF PERJURY UNDER COMMON LAW/F.I.O.A/O.P.R.A. REQUEST. Gabriel O Mensah, Notary, attested to said presentment on January 18, 2019. Certificate of Non-Response/Non Performance was later served. To date this Writ remains unrebutted. **(Attached Exhibit)** .

164.    The requisite intervention should have called for an investigation to be initiated by the Office of the Sheriff's Department, Attorney General, Court Administration, by and through their Agents Defendants Fucito, James and DiFiore. The Administrative chief Judge should have initiated the same, but his acquiesce and non-response to the Writ deems complicity in the overt and covert act(s) of the defendants. However, each named defendant failed to apply diligent inquiry into the matter, which results in a conspiracy to defraud Plaintiff's of procedural and due process of law.

**The Jurisdictional Question Can Be Raised at Anytime And Can Never Be Time Barred**

165.    Plaintiffs raise the specific issue that the failure to Answer the Writ, deemed the Warrant/Order Jurisdictionally defective as a matter of law. Therefore Defendant "Sheriff's Office" act(s) were beyond the scope of their authority.

166.    Rather than waiting to receive said supporting affidavit, Defendants relied on a confirming call from Defendant Knipel, where it is alleged he stated, "Execute the warrant."

167.     Plaintiff's raise the issue that no jurisdiction rested in the hands of Ira Miller, Jeffrey Miller, Ficchi, Knipel, DiFiore, Ludwig, Fucito. The jurisdictional question can be raised at anytime and can never be time-barred. See *DeClaire v. Yohanan*, 453 So. 2d 375 (Fla. 1984). Absence of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. State ex rel. Grape v. Zach, (supra) (citing Plock v. Crossroads Joint Venture, 239 Neb. 211, 475 N.W.2d 105 (1991)). *Where there is Absence of Jurisdiction A Judicial Action Must Cease, May Not* Proceed and must be dismissed.   Ex parte McCardle, 7 Wall. 506, 514 (1869).  In Steel Co. v. Citizens for Better Environment, 523 U. S. 83 (1998) "a long and venerable line of our cases," id. at 94, Steel Co. reiterated: "The requirement that jurisdiction be established as a threshold matter ... is `inflexible and without exception,'" id., at 94-95 (quoting Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 382 (1884)); for "[j]jurisdiction is power to declare the law," and "`[w]ithout jurisdiction the court cannot proceed at all in any cause,'" 523 U. S., at 94 (quoting Ex parte McCardle, 7 Wall. 506, 514 (1869)).

168.     Plaintiff have established that Ludwig was not in lawful authority, nor was Defendant Fucito and Pratt in lawful authority to seize. The judgment upon which they deemed to assert their authority was jurisdictionally defective in that no contractual relationship existed between the Court/Decedent Estate/Defendant Attorneys/Sheriffs etc. Therefore, any Judgment In A Court That Lacks Personal Jurisdiction, Subject Matter Jurisdiction or Due Process Violation Is A Void Judgment. Judgment is a void judgment if the court that rendered judgment lacked *jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process*, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const. Amend. 5 – *Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985).

169.     Defendants Knipel, Ficchi, Miller, Ludwig and Miller, DiFiore individually and/or collectively failed to prove that the court held personal jurisdiction for the decedent at the time of this seizure, thus the court lacked personal and subject matter jurisdiction at the time of their converted acts of fraud.

170.     All judgments in the Supreme and District Court that lacked jurisdiction and are void judgment as it relates to Defendant Eleanor Phillips.  These orders intentionally and conspiritorially deprived Plaintiff's of substantive and procedural due process, because the court was deprived of subject matter jurisdiction. A *Void Judgment* Is a *Void Judgment* Is a *Void Judgment*-Bill of Review and Procedural *Due Process* in Texas, 40 Baylor L. Rev. 367, 378-79 (1988). See *Thomas*, 906 S.W.2d at 262 (holding that

trial court has not only power but duty to vacate a *void judgment*). Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order *violated due process*, U.S.C.A. Const. Amend. 5 – *Triad Energy Corp. v. McNell* 110 F.R.D. 382 (S.D.N.Y. 1986).

171.     Ironically, there was not even an appointed representative of Decedent/Defendant Eleanor Phillip's Estate until May 2015. Ironically, Defendant Gregory Phillips is a Juris who know or should reasonably know that there was a necessity to address the Surrogate Court for Letters of Administration.

172.     Strangely enough if he was then a power of attorney why did he not prepare a Will for his mother, leaving any interest she had in the subject property. Instead he fraudulently submitted an affidavit which is not signed by her and does not attest to her waiving her interest as it related to the subject property.

173.     This meant since September 2013 until his appointment in 2015, Defendant Gregory Phillips, a Judge Attleboro, Massachusetts permitted Defendants Ira Miller, Jeffrey Miller, Arnold Ludwig to charade their representation of decedent Eleanor Phillips being fully aware that he [Phillips] nor Defendants Ira Miller, Arnold Ludwig held any legal authority to do so.

174.     On October 5, 2015 Defendant Ficchi and Jeffrey Miller attempted to dispossess Plaintiff's from the subject premises. At all time, Plaintiff Taylor remained in legal title to the subject property. Defendant Jeffrey Miller verified the Petition, which was returnable on December 16, 2015.

175.     That petition prayed for final judgment of eviction, awarding petitioner possession of all units in the premises, which is the "property" subject of this action. Defendant Miller sought an Order and Judgment against Plaintiff Taylor and all occupants to be forcibly removed from the "property." money judgment, use and occupancy, which included but did not limit a "Writ of Assistance and Order of Ejectment."

176.     Defendant Jeffrey Miller's VERIFICATION was simply fraud upon the Court, it was dated October 5, 2015, states; "*the undersigned affirms that the foregoing statements are true under the penalty of perjury: That the affirmant is a Court Appointed Referee in the foregoing Petition, and that he has read the foregoing Petition and knows the contents thereof, that the same are true to his own knowledge except as to those matters therein stated to be alleged on information and belief and as to those matters he believes them to be true.*"

177.     *This ultimately caused Plaintiff's Jawara and Taylor mental and emotional hardship as the result of an unlawful seizure of their property.*

178.     Defendants Jeffrey Miller, Ficchi and Knipel each knew at the time of the submission of this order the alleged Plaintiff/Defendant Eleanor Phillips had been deceased and it was required by either of them to ask for leave of court to have her estate if any be substituted as Plaintiff. Failure to seek leave of court rendered that judgment Void as a matter of law.

Void judgment may be defined as one in which *rendering court lacked subject matter jurisdiction, lacked personal jurisdiction or acted in manner inconsistent with due process of law Eckel v. MacNeal,* 628 N.E. 2d 741 (Ill. App. Dist. 1993). Void judgment under federal law is one in which *rendering court lacked subject matter jurisdiction over dispute or jurisdiction over parties, or acted in manner inconsistent with due process of law or otherwise acted unconstitutionally in entering judgment,* U.S.C.A. Const. Amed. 5, *Hays v. Louisiana Dock Co., 452 n.e.2D* 1383 (Ill. App. 5 Dist. 1983).

179.     Furthermore, we ask this Court to take Judicial Notice that Defendant Eleanor Phillips was deceased even at the time of defendant Ficchi's appointment as counsel for defendant Jeffrey Miller. That appointment was made via an Ex Parte motion signed March (2014), 7 months after Defendant Eleanor Phillips death, which resulted in him NEVER being appointed, because no Plaintiff herein can waive this jurisdictional defect. If the court did not have the proper parties before it, then the motion, ANY motion during this time is a VOID JUDGMENT.

180.     This matter is proffered to this Court because the issue of jurisdiction can be raised at ANYTIME, and based upon the failure of SEVERAL DEFENDANTS ie Knipel, DiFiore and OFFICE OF COURT ADMINISTRATION, ot one of these Defendants admonished these attorneys Ficchi, Ludwig, Ira Miller, Jeffrey Miller, Knipel, Ludwig, or admonished Defendant Knipel.

181.     Defendant Knipel had personal and first hand knowledge that Plaintiff was deceased. This fact remains undisputed. Defendant Knipel ignored New York Power and Estate Trust Law, at the time of this seizure, knowing that Defendant Phillips did not have ANY fiduciary representative of her estate. Until ANYONE asked for leave of court to allow such representation, no such representation existed.

182.     In a recent decision, there is a strict prohibition against a fiduciary delegating his authority and Defendant Gregory Phillips, delegated his authority to Defendants Ira

Miller and Arnold Ludwig who no longer represented Defendant Phillips nor her Estate in the action known as 47054/2007.

## NEW YORK'S DEAD MAN'S STATUTE: CPLR
## COURT MUST HAVE PROPER PARTIES BEFORE IT

183.    Gregory Phillips could not continue this lawsuit on behalf of decedent/ Defendant Eleanor Phillips since she died during litigation and in order to continue litigation on the decedent's behalf, certain procedures must be followed.

184.    A successor in interest is defined as the "beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." A successor in interest can act only if certain criteria are met, the relevant criteria, from a probate lawyer's perspective, being that: no proceeding for the administration of the decedent's estate may pursue the litigation on behalf of the decedent and there cannot be a personal representative acting on behalf of the decedent's estate.

185.    If a personal representative has already been appointed, only the personal representative has standing to pursue the action on behalf of the decedent, as the burden of pursuing any litigation lies with the personal representative. In order for the personal representative to continue an action on behalf of a decedent, the personal representative must file a motion with the court in which the action is proceeding, requesting that he or she be allowed to continue the matter in the decedent's stead.

**186.**    There was a five (5) year failure to do so in a timely, which should have resulted in dismissal of the action for failure to prosecute if it causes the action to go beyond the five-year window. In granting the motion, the court will allow the proceeding to continue as long as the action survives death and all other prerequisites are met.

187.    Again, the court must have the proper parties before it and a decedent is not a proper party. Thus, the personal representative must take action to continue the suit, not just idly allow the action to be prosecuted by the civil litigator even if the defendant does not present this issue to the court.

188.    The motion to allow the action to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest, must be filed in the court in which the action was already proceeding. A personal representative may also commence an action on behalf of a decedent, so long as the action is one that survives death. The action may be commenced any time before the later of six months after the decedent's death or within the limitations period that would have been applicable had the person not died. This affords the representative at least six months to sift through the decedent's papers and discovery to evaluate and commence action on any claims the decedent might have had but did not initiate prior to death.

189.     The mere fact that Defendant Knipel allowed said representation of a decedents estate to continue created extensive and critical jurisdictional defects in EVERY court preceding existing between August 29, 2013 until present and each attorneys bonds must be brought forward to settle claims of Plaintiffs in additional to the seizure of their assets.

## CIRCUMVENTION AND FALSIFICATION OF CIVIL PROCEDURES

190.     Judges, lawyers, municipal corporations which include cities, counties, states and national governments, have no commercial reality without bonding of the entity, its vehicle (statutes), and its effects (the execution of its rulings).

191.     In commerce, it is a felony for the Officer/Public Office to receive and fail to report a Claim to its Bonding Company – and it is a felony for the agent of a Bonding Company to not pay the Claim. COMBINE BOTH.

192.     An official (officer of the court, policeman, etc.) must demonstrate that he/she is individually bonded in order to use a summary process.

193.     An official, who impairs, debauches, voids or abridges an obligation of contract, or the effect of a commercial lien without proper cause, becomes a lien debtor – and his/her property becomes forfeited as the pledge to secure the lien.

194.     Except for a Jury, it is also a fatal offence for any person, even a Judge, to circumvent and obstruct impair or to expunge, without a Counter-Affidavit, any Affidavit or any commercial process based upon an Affidavit.

195.     Defendants Knipel, Ira Miller, Ficchi, Jeffrey Miller, Sunshine. Defendant Sunshine authorized an illegal Affidavit supporting an illegal Notice of Entry to be fraudulently entered upon the Court records, with complete knowledge that such documents were alleged to be signed by a judge of the Supreme Court of Kings County, however not bearing any such judges name. The effect of this fraud resulted in each and every act(s) that followed over the course of 5 years.

196.     Sunshine's judicial non-jury commercial judgments and orders originated from a limited liability entity called a municipal corporation which must be reinforced by a Commercial Affidavit and a Commercial Liability Bond. A foreclosure by summary judgment (non-jury) without a commercial bond is a violation of commercial law. Sunshine, Knipel, Ficchi, Ira Miller, Jeffrey Miller and Ludwig

individually and collectively participated in this scheme to defraud Plainitff's and their act(s) are "uninsurable."

197.    It is tax fraud to use Courts to settle a dispute/controversy, which could be settled peacefully, outside of or without the Court.

198.    Defendants Craig, Avrum, Kramer, Ira Miller, Jeffrey Miller, Ficchi, Fucito, Berlin, DiFiore and Ludwig were individually and collectively made aware of this information. Defendants Ficchi, Ludwig, Ira Miller and Jeffrey Miller actions bringing motion after motion for one half a decade establishes an intent, pattern of abuse of process. The actions of the Defendants were a direct cause of Plaintiff's injuries

199.    Defendant Knipel as Chief Administrative Judge was working outside the scope of his capacity permitting non-parties to represent decedent/Eleanor Phillips Estate. Defendants Ficchi, Ludwig, Ira Miller, Kramer, Rosen Craig and Jeffrey Miller conspired to exist and grant Order after Order for one half a decade establishes a malicious intent, pattern of abuse of process.

200.    These acts by the referenced Defendants caused Plaintiff's injury...The Courts have absolutely refused to allow ANY substitute representative stand in the place of the decedent. The Court in _Garmon v. County of Rockland_, a case decided by U.S. District Court Judge Andrew Carter on February 11, 2013 and reported in New York Law Journal on February 22, 2013. In _Garmon_, the decedent had been arrested and died in police custody.

201.    Thereafter, the Surrogate's Court as the Administrator of his estate appointed the decedent's daughter. The daughter then executed a Power of Attorney in favor of the decedent's father who then started a lawsuit to recover for the wrongful death of the decedent. The Court, however, dismissed the father's lawsuit finding that the father was not the Estate Administrator and, therefore, did not have the authority to act on behalf of the decedent's estate. Moreover, the Court found that the Power of Attorney was ineffectual since the daughter, as Administrator, could not delegate her duties regarding Estate Administration.

202.    This renders void, every judgment, order, Decision, Motion, Notice resulting from, Defendants Knipel, Ficchi, Ira Miller, Jeffrey Miller, Ludwig as well as the Office of the Department of Finance for the Office of the Sheriff by and through their Agent Fucito, Pratt and Berlin.

This renders defendants Knipel, Ficchi, Ira Miller, Jeffrey Miller, Ludwig as well as the Office of the Department of Finance for the Office of the Sheriff by and through their

Agent Fucito, Pratt and Berlin.in their individual capacities liable for all injuries susta

## VOID JUDGMENT DISCUSSION

203.    Void judgment is one rendered by court, which lacked personal or subject matter jurisdiction or acted in manner inconsistent with due process, U.S.C.A. Const. Amends. 5, 14 Matter of Marriage of Hampshire, 869 P.2d 58 (Kan. 1997). A void judgment is one rendered by a court which lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process In re Estate of Wells, 983 P.2d 279, (Kan. App. 1999). Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside, Jaffe and Asher v. Van Brunt, S.D.N.Y.1994. 158 F.R.D. 278. When the rule providing for relief from void judgments is applicable, relief is not discretionary matter, but is mandatory, Orner v. Shalala, 30 F.3d 1307, (Colo. 1994). "Moreover, the Court's analysis reduces the significance of deliberate prosecutorial suppression of potentially exculpatory evidence to that merely of one of numerous factors that "may" be considered by a reviewing court. Ante at 683 (opinion of BLACKMUN, J.). *"Failure of government to obey the law cannot ever constitute "legitimate law enforcement activity."*

204.    In any event, Plaintiff's have presented Prima Facie evidence that the derivative evidence presumption does not "irretrievably" lead to suppression. If a subsequent confession is truly independent of earlier, illegally obtained confessions, nothing prevents its full use to secure the accused's conviction. If the subsequent confession did result from the earlier illegalities, however, there is nothing "voluntary" about it. And even if a tainted subsequent confession is "highly probative," we have never until today permitted probity to override the fact that the confession was "the product of constitutionally impermissible methods in [its] inducement." Rogers v. Richmond, 365 U.S. 534, 541 (1961). In such circumstances, the Fifth Amendment makes clear that the prosecutor has no entitlement to use the confession in attempting to obtain the accused's conviction." See Oregon v. Elstad, 470 US 298, 362 (1985) (dissent).

### DISCUSSION:

Past decisions of this Court demonstrate that *the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial,* not the culpability of the prosecutor. In Brady v. Maryland, 373 U.S. 83 (1963), for example, the prosecutor failed to disclose an admission by a participant in the murder which

corroborated the defendant's version of the crime. The Court held that a prosecutor's suppression of requested evidence -violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

Federal Rule of Criminal Procedure 3 states the following: "The complaint is a written statement of the essential facts constituting the offense charged. It must be made under oath before a magistrate judge". F.R.Crim.P. Rule 4 provides how probable cause is established. "...If the complaint or one or more affidavits filed with the complaint established probable cause to believe that an offense has been committed and the defendant committed it," We recognize the district court, in our unified court system, is a court of general jurisdiction and is constitutionally endowed with "unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article," Article 7, Section 7, Oklahoma Constitution.

However, this "unlimited original jurisdiction of all justiciable matters" can only be exercised by the district court through the filing of pleadings, which are *sufficient* to invoke the power of the court to act. The requirement for verified information to confer subject matter jurisdiction on the court and *empower the court to act* has been applied to both courts of record and not of record. We determine that the mandatory language of 22 O.S. 1981 § 303 [22-303], requiring endorsement by the district attorney or assistant district attorney and verification of the information is more than merely a "guaranty of good faith" of the prosecution.

It, in fact, *is required to vest the district court with subject matter jurisdiction, which in turn empowers the court to act.* Only by the filing of information, which complies with this mandatory statutory requirement, can the district court obtain subject matter jurisdiction in the first instance, which then empowers the court to adjudicate the matters presented to it. We therefore hold that the judgments and sentences in the District Court of Tulsa County must be REVERSED AND REMANDED without a bar to further action in the district court in that the unverified information failed to confer subject matter jurisdiction on the district court in the first instance, *Chandler v. State*, 96 Okl.Cr. 344, 255 P.2d 299, 301-2 (1953), *Smith v. State*, 152 P.2d 279, 281 (Okl.Cr. 1944); *City of Tulsa*, 554 P.2d at 103; *Nickell v. State*, 562 P.2d 151 (Okl.Cr. 1977); *Short v. State*, 634 P.2d 755, 757 (Okl.Cr. 1981); *Byrne v. State*, 620 P.2d 1328 (Okl.Cr. 1980); Laughton v. State, 558 P.2d 1171 (Okl.Cr. 1977). And Buis *v. State*, 792 P.2d 427, 1990 OK CR 28 (Okla.Crim.App. 05/14/1990).

In *William t. Gholson* the court held: *Therefore, it is the complaint alone, and not any other affidavits given in support of arrest or search warrants, which determines the validity of the information.* Holland v. State, 623 S.W.2d 651 (Tex. Crim. App. 1981*). William t. Gholson v. STATE TEXAS (06/23/83) 1983.TX.41167; 667 S.W.2d 16* See also, *J. W. Winans v. State*: OPINION: Graves, Judge. --The offense charged is for violating the local option liquor laws; the punishment assessed being a fine of $ 300.00. *The record is before us without a complaint being incorporated therein. We have heretofore held that a complaint is necessary in order to confer jurisdiction upon the county court.* See Article 415, C. C. P.; McQueen v. State, No. 19521, opinion this day handed down [page 74 of this volume], and *Olivares v. State, 76 S.W.2d 140.* The judgment is reversed and the prosecution ordered dismissed. [***2]. *J. W. Winans v. The State, 135 Tex. Crim. 102; 117 S.W.2d 81; 1938 Tex. Crim. App. 584 No complaint appearing as a predicate for the information, it will be necessary for this court to reverse and direct the dismissal of the prosecution. Olivares v. The State. 127 Tex. Crim. 316; 76 S.W.2d 140; 1934 Tex. Crim. App. LEXIS 42.*

*A Jurat is essential, for without it, the complaint is fatally defective and will not support information.* Shackelford v. State, 516 S.W.2d 180 (Tex. Cr. App. 1970). The Jurat must be dated and signed by the official character. See 22 Tex. Jur. 3d, Criminal Law, Section 2266 at 490.

## CONSPIRACY DISCUSSION

205.       Defendants Ira Miller, Michael Ficchi and Arnold Miller engaged in a "pattern of racketeering activity," and each participated in "at least two acts of racketeering activity, one of which occurred after the effective date of [RICO] and the last of which occurred within ten years (excluding any term of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Finally, "enterprise" is defined under the statute as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Id.* § 1961(c).

*The RICO Claim* (a) investing income derived, directly or indirectly, from a pattern of racketeering activity through collection of an unlawful debt in any enterprise which affects interstate commerce; (b) acquiring or maintaining an interest in any enterprise which affects interstate commerce through a pattern of racketeering activity or through collection of an unlawful debt; (c) conducting or participating in the affairs of any enterprise which affects interstate commerce through a pattern of

racketeering activity or collection of an unlawful debt; or (d) conspiring to violate any of the provisions of Section 1962(a)-(c).

RICO establishes both criminal and civil penalties for violations of Section 1962. The civil remedies provision provides a private cause of action for "any person injured in his business or property by reason of a violation of Section 1962." 18 U.S.C. § 1961(c). However, as the United States Supreme Court noted, "In its private civil version, RICO is evolving into something quite different from the original conception of its enactors." *Sedima,* 473 U.S. at 482, 105 S. Ct. 3275. The elements of a civil RICO claim are: "(1) a violation of section 1962; (2) injury to business or property; and (3) that the violation caused the injury." *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir. 1991).

A. Violation of Section 1962. To establish a violation of Section 1962, the plaintiff must allege facts demonstrating that the defendant engaged in a pattern of racketeering activity and that an enterprise existed. *Bill Buck Chevrolet v. GTE Fla.,* 54 F. Supp. 2d 1127, 1137 (M.D.Fla.1999). *Pattern of Racketeering Activity.* In showing a pattern of racketeering activity, the plaintiff must allege at least two racketeering predicate acts that are related and that amount to, or threaten the likelihood of, continued criminal activity. *H.J. Inc. v. Northwestern Bell Tele. Co.,* 492 U.S. 229, 237-238, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989). Therefore, in order to survive a motion to dismiss, the plaintiff must allege facts sufficient to support at least two of the predicate acts. *Republic of Panama v. BCCI Holdings,* 119 F.3d 935, 949 (11th Cir.1997).

Racketeering Activity. Plaintiffs allege that Defendants engaged in the following predicate acts: mail fraud in violation of Title 18, United States Code, Section 1341; wire fraud in violation of Title 18, United States Code, Section 1343; money laundering in violation of Title 18, United States Code, Section 1956; and acts in violation of the Travel Act, Title 18, United States Code, Section 1952(a). Each of these statutes requires proof of scienter. *BCCI Holdings,* 119 F.3d at 949 (citing *Pelletier,* 921 F.2d at 1498). Defendants argue that Plaintiffs fail to establish that Defendants committed any predicate acts.

206.    Plaintiff's have shown the following elements that establishes liability under the federal wire and mail fraud statutes: "(1) that defendants knowingly devised or participated in a scheme to defraud plaintiffs, (2) that Defendants did so willingly with an intent to defraud, and (3) that the defendants used the U.S. mails or the interstate wires for the purpose of executing the scheme." *Langford v. Rite Aid of Alabama,*

*Inc.,* 231 F.3d 1308, 1312 (11th Cir.2000) (citing *Neder v. U.S.,* <u>527 U.S. 1</u>, 24-25, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)).

207.      Defendants have made, and continues to make, material misrepresentations of material facts to court, law enforcement agency and this behavior constitutes Defendants' scheme to defraud Plaintiffs. Although proof of mail or wire fraud requires a showing that the defendant had the knowing intent to defraud, a RICO plaintiff does not need direct proof of scienter. *Bill Buck Chevrolet,* 54 F. Supp. 2d at 1132. However, "[a] RICO plaintiff's allegations of scienter cannot be `merely conclusory and unsupported by any factual allegations.'" *Id.* (quoting *Republic of Panama v. BCCI Holdings,* 119 F.3d 935, 949 (11th Cir.1997) (quoting *O'Malley v. O'Neill,* 887 F.2d 1557, 1561 (11th Cir.1989).

208.      Plaintiffs have pled the requisite predicate acts; the Court must look to see if he or she has pled the pattern of such acts. Pleading that a pattern exists requires the plaintiff to plead both that the predicate acts are related to each other, and that they either constitute or threaten long-term criminal activity. Northwestern *1276 Bell, 492 U.S. at 239, 109 S. Ct. 2893. Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." Id. The continuity aspect refers to either a closed period of repeated conduct or to past conduct that, by its nature, projects into the future with a threat of competition. Bill Buck Chevrolet, 54 F. Supp. 2d at 1134 (quoting *Northwestern Bell,* 492 U.S. at 241, 109 S.Ct. 2893). "[T]he threat of continuity may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *Id.* (quoting *Northwestern Bell,* 492 U.S. at 243, 109 S.Ct. 2893).

209.      Plaintiffs allege that Defendants have continuously engaged in the predicate acts listed above as part of Defendants' normal process of carrying on its business. Although Plaintiffs adequately pled that these acts are related to each other and "have the same or similar purposes, results, participants, victims, or methods of commission to allege a pattern of racketeering activity.

      *Enterprise* "The definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes." *U.S. v. Goldin Industries, Inc.,* 219 F.3d 1271 (11th Cir. 2000). In this Circuit, the

"person" and the "enterprise" cannot be the same person. *U.S. v. Goldin Industries, Inc.*, 219 F.3d 1268, 1269 (11th Cir.2000) (en banc).

210.      Plaintiffs allege that Defendants are all or part of the enterprise, not the enterprise; the within Complaint identifies each member of the conspiracy. The presence this enterprise is an essential element of a RICO complaint and enough to either allow this Court to evaluate whether the alleged enterprise constitutes an enterprise within the meaning of RICO or to provide Defendant fair notice of the claim against which Defendant must defend. *Bill Buck Chevrolet*, 54 F. Supp. 2d at 1135. Plaintiffs have alleged sufficient facts to show that a RICO enterprise in fact exists to show a violation of Section 1962, and fails to state a claim of relief under RICO. B. Causation of Injury.

211.      Plaintiffs' Complaint ALL TRAINING AND CERTIFICATIONS, LICENSING ETC,, QUALIFYING OFFICIALS AS SUCH. THAT ALL DEFENDANST RECEIVE TRAINING ARE BONDED HAVE GIVEN OATHS YET ALL INTENTIONALLY, NEGLEGENTLY OR ARBITRAIRLY ACTED IN A MANNER CONTRARY TO THEIR OFFICIAL CAPAICITY DESIGNED TO IRREPARIBLY INJURE AND DEPRIVE PLAINTIFFS OF THEIR CONSTITUTIONALLY PROTECTED CIVIL RIGHTS.THAT ALL DEFNDANT RELAEVANT TO THIS COMPLAINT,WERE AT ALL TIMES WERE ACTING UNER COLOR, USAGES  AND CUSTOMS OF STATE LAW. JACQUES JIHA, Commissioner New York City Department of Finance; OFFICE OF COURT ADMINISTRATION, DiFIORE, FICCI. JR.,; JEFFREY MILLER, CRAIG; ; GAVIN, JR.,; KNIPEL ; KRAMER, ROSEN ; ELEANOR PHILLIPS; GREGORY PHILLIPS, MILLER , LUDWIG , JOSEPH FUCITO; STEWART TITLE COMPANY; BERLIN , MCKOSKER , YANG ,  MARTELLO ; SHERIFF TORRES,  SANTOS, DONALSON , D. PRATT.

212.      Facts showing that Plaintiffs were harmed by Section 1962 violation alleged suing under civil RICO and that the commission of the predicate acts proximately caused our injuries. In *Pelletier v. Zweifel,* the Eleventh Circuit explained.

213.      There is some question whether this proximate cause requirement limits damages recoverable to those caused directly by the predicate act or to those caused indirectly by the predicate act. Therefore, a plaintiff has standing to sue under section 1964(c) *if his injury flowed directly from the commission of the predicate acts.*

214.      This means that when the alleged predicate act is mail or wire fraud, the Plaintiff must have been a target of the scheme to defraud and must have relied to his detriment on misrepresentations made in furtherance of that scheme 921 F.2d 1465, 1499-1500 (11th Cir.1991) (internal citations omitted) (emphasis added). A "scheme to

defraud" involves making misrepresentations "reasonably calculated to deceive persons of ordinary prudence and comprehension." *Wilson v. De Angelis,* 156 F. Supp. 2d 1335, 1338 (S.D.Fla.2001) (quoting *Pelletier,* 921 F.2d at 1498-1499).

215.     Plaintiffs allegations that Defendants' plan was to knowingly mislead Plaintiffs into thinking or believing they had complied with all New York Rules of Civil Procedure, followed the constitutional law requiring substantive and procedural due process and compliance with federal law was with the sole intent of defrauding Plaintiffs.

216.     Additionally, Plaintiffs' Complaint sets forth how Defendants' alleged misrepresentations or alleged predicate acts injured Plaintiffs' property, or their use and enjoyment of their property.

217.     Looking at the Complaint, there is specific construction of factual allegations that lead to the conclusion that Defendants "scheme to defraud" Plaintiffs by the alleged acts of mail. Moreover, that Plaintiffs' injuries flow directly from Defendants' alleged commission of the predicate acts, which is a perquisite to establish a cause of action for a civil RICO claim.

218.     Failure to uphold, maintain, follow, reprimand, oversee, act with due diligence states a cause of action for a civil conspiracy regarding the within Defendants, Plaintiff's allege: 1) an agreement between two or more of Defendants allowed them to achieve an illegal objective which was fraudulent taking of Plaintiff's property; 2) an overt act in furtherance of that illegal objective which was the City of New York and their agents failure to obtain statutory and procedural ; and 3) resulting injury. *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Florida, Inc.,* 140 F.3d 898 (11th Cir.1998).

219.     Nonetheless, the RICO conspiracy provision in Section 1962(d) does not require an overt act. Instead, Plaintiffs must simply assert a violation of Section 1962(d) must allege, "The conspirators agreed to participate directly or indirectly in the affairs of an enterprise through a pattern of racketeering activity." *Florida Software Sys. v. Columbia/HCA Healthcare Corp.,* 46 F. Supp. 2d 1276, 1281 (M.D.Fla.1999) (quoting *U.S. v. Castro,* 89 F.3d 1443, 1451 (11th Cir.1996)).

### PLAINTIFF'S HAD A DUTY TO REPORT THE TAX ISSUES WHICH BROUGHT THEM HARM REJECTION

UCC 3-603; "**If tender of payment** of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender **is refused, there is discharge**, to the extent of the amount of the tender..." The State statute as well as the UCC 3-603 states that Tender of Payment (b) "If tender of payment of an obligation to

pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an endorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates." Defendants refused to accept Plaintiff's tender of payment of their obligation.

220.    Each of these defendants created tax obligations for the Plaintiffs which caused economic injury that is unreported and unknown to Plaintiffs at this time. Thus all parties will be liable to include not limit the following; *Making false statements; or failing to disclose adverse facts known about the matters discussed herein; or regarding their fraudulent scheme and course of business that operated as fraud or deceit regarding the several requests to provide me with 1099OID and 1099B, or artificially inflating this case; or malicious prosecution which occurred by and through your office with an unlawful seizure of my home March 2017; by and through the concealment that the Plaintiff had been deceased for 5 years and absolutely no judicial authority existed anywhere on the planet to allow them to state that they "represented" the Plaintiff.*

221.    We did not and do not presently consent to these obligations. We did not and do not issue ANY charitable gifts. We did not and do not consent to selling, trading ANY bonds or securities in ANY Court matter.

222.    It can only be concluded that Defendants Knipel, Fucito, Berlin, Ficchi, Craig, Kramer, Rosen, Ludwig, Ira Miller and Jeffrey Miller expressly agreed PRIOR to the seizure to participate in a common scheme and plan to defraud Plaintiff's, this conspiracy was established by showing that said Defendants must have agreed to execute the unsupported warrant/order which was their overall objective, because Defendant's refused to respond, acknowledge, PRIOR to the time of seizure said Supporting Affidavit to the District Attorney.

223.    We advised ALL Defendants (Notice to Principal is Notice to agent) that Plaintiff's case involved a claim under the exclusive jurisdiction by operation of admiralty maritime law, under the judicial powers of the United States under 28 USC and Article 1§ 2, and the Constitution of the United States of America, since Plaintiffs were/are deemed wards of admiralty and a cestue que trustant what their trustees as set forth in GARRETT v. MOORE-McCORMACK CO., Inc., et al., 317 U.S. 239 (63 S.Ct. 246, 87 L.Ed. 239) that EVERY Defendant held a fiduciary trustee responsibility to us to provide the above request 1099 forms.

224.     It can only be concluded that Defendants Knipel, Fucito, Berlin, Ficchi, Craig, Kramer, Rosen, Ludwig, Ira Miller and Jeffrey Miller impliedly agreed to participate in a common scheme and plan to defraud Plaintiff's, this conspiracy was established by showing that said Defendants must have agreed to execute the unsupported warrant/order which was their overall objective, because Defendant's refused to respond, acknowledge, AT the time of seizure said Supporting Affidavit to the District Attorney.

225.     The court judgments are deposited with the IMF. Since this case obviously involves me, I have a drawing right to all proceeds and I will not surrender or gift my rights or interest to you. See UCC §3-305 and §3-306. The court judgments are monopolized according to Title 16, which is a violation of anti-trust laws, and also unfair trade practices.

226.     In the absence of a expressed agreement on their overall objective to seize Plaintiff's home defendants agreed personally to commit two predicate acts." *Id.* (quoting *U.S. v. Church*, 955 F.2d 688, 694 (11th Cir. 1992)).

227.     Plaintiff's indorsed the appropriate bonds and IRS Forms thereby creating the funds required to discharge the account through December 2018 under the bankruptcy. Pursuant to HJR-192 so there is discharge/payment available for you on your books. This was lawful tender and was redeemable by sending it with a routing number for direct deposit, or address for check, to the IRS (see below). Plaintiff's also provided fiduciary authority to correct in case of any mistakes.

228.     Plaintiff's demanded all funds from Defendant Knipel and Craig's cases (and all other current and past cases) be sent to them within 30 days or in the alternative they were placed on constructive notice that they would will file complaints to the IRS and SEC explaining the fraud and theft committed upon them, and issue a 1099 OID, 1099A, 1099C to each party named above Defendants. Defendants by and through their Principals and agents failed to give Plaintiff's their 1099 OID and 1099B showing Plaintiff's as the recipient of the funds, which was fraud upon Plaintiff's. Plaintiff's, requested a 1099 OID and 1099B, unless the court wishes to close this account.

1) Defendants were further noticed that " *THESE FORMS ARE NOT SUBJECT TO THE DISCRETION OF THE COURT or other recipients. If you think you have reason to reject these forms, you are required to* **provide proof of claim via a sworn affidavit** *as to why you are not required to accept the forms, or advise me of any defect you may find in the forms, and* **provide your bond in support of your position.** *Your failure to do so will be certified as*

*fraud on your part, pursuant to U.S. v. Tweel. Please note that the court's comments are directed to Internal Revenue Service employees, and apply equally to all government employees.*

"Silence can only be equated with **fraud** <u>when there is a legal or moral duty to speak</u>, or <u>when an inquiry left unanswered would be intentionally misleading</u>. ... We cannot condone this shocking conduct . . . . If this is the case we hope our message is clear. This sort of deception will not be tolerated and if this is routine it should be corrected immediately." *U.S. v. Tweel,* 550 F2d 297, 299-300

229.      Further Plaintiff's demanded a copy of the Depository Resolution Agreement from the Clerk of Court, Defendant's Gavin and Sunshine as well as a W-9 from ANY Judge and US Attorney involved, if Defendants Craig and Knipel wished to proceed with this case. A copy of the Depository Resolution Agreement was specifically requested and was not made available to Plaintiff's from the Clerk of Court. The Clerk of Court makes deposits.

230.      Plaintiffs provided the necessary paperwork and documents required to set-off/settle and discharge both the State Court as well as the Bankruptcy case.

232.      In support of this statement, HJR 192 states: "Now, there-fore be it. Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That (a) every provision contained in or made with respect to any obligation which purports to give the obligee a right to require payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy; and no such provision shall be contained in or made with respect to any obligation hereafter incurred.

233.      HJR 192 establishes that any/all of the obligations on case number 47054/2007 and Sheriff's Case no: 18039617 and all other claims, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts."

234.      Plaintiff's provided Legal tender for said settlement/set-off and discharge of all obligations: *Legal tender under the Uniform Commercial Code (U.C.C.)*, Section 1-201(24) (Official Comment); "The referenced Official Comment notes that the definition of *money* is not limited to *legal tender* under the U.C.C. The test adopted is that of sanction of government, whether by authorization before issue or adoption afterward, which recognizes the circulating medium as a part of the official currency

of that government.   The narrow view that money is limited to legal tender is rejected."

235.      According to the IRS §6209 Decoding Manual and the ADP (Automated Data Processing Manual), all 1099's are Class 5 gift and estate taxes.  I am asking for the 1099-B and 1099 OID in this case, as I am not willing to gift you the proceeds.  I am hereby asking for the proceeds in their entirety, including interest.

236.      Plaintiff's additionally advised Defendants Craig, Knipel, Gavin and Sunshine that at the expiration of 72 HOURS of the date of this Indenture Agreement, Indemnity Bond, without the total and complete correction of the record, will constitute a breach of contract with a summary judgment and an international commercial Notice of lien on the real and movable property, malpractice bond(s) and non-performance bond(s) of each and every Co-Fiduciary/ Trustee and Co-Administrator, and all others similarly situated, et al, to be offered to the international community for execution viz. SF95 Wrongful Death/Injury Claim.

**237.**      Defendant's Craig and Knipel's appointment would not be affected by the addition of additional Court Co-Administrators and Co-Fiduciary Trustees. FAILURE TO CORRECT THE RECORD AND SETTLE THE ACCOUNT WITHIN 72 HOURS would constitute a breach of which Plaintiff's would file a claim with the OGS BUREAU OF RISK AND INSURANCE MANAGEMENT and the New York State Insurance Commissioner of this municipality for tort damages.

**238.**      Plaintiff's claim of Fiduciary Trust FRAUD for the wrongful conversion of beneficiary, **Plaintiff's Taylor and Ottey's** beneficial interest including the conversion of counterfeited securities and obstruction of justice would result in a claim filed with the Criminal Tax Division of the Internal Revenue Service for Criminal tax evasion including but not limited to possible prison time ( See Trezevant v. City of Tampa].

239.      Payment of the underlying obligation was been made to person(s) entitled to enforce the instrument(s) and said payment was refused by Michael Ficchi, Mikhail Berlin, Joseph Fucito, Jacques Jiha, Lawrence Knipel, Nancy Sunshine, Supreme Court Kings County, Eastern District Bankruptcy Court, Carla Craig, NYC Department of

Finance Office of the Sheriff, Joseph Fucito, Ira Miller, Jeffrey Miller must all account for the securities regarding the within matter.

240.    Payment of the underlying obligation was been made to Defendants Knipel, Craig, Gavin, Cosgrove, Badderek and Mnuchin; person(s) entitled to enforce the instrument(s) and said payment was negligently handled by Susan Cosgrove, Baderek and must all account for the securities regarding the within matter.

241.    However, Plaintiff's held a right to redeem the bonds/securities and a portion of the proceeds thereof which "any" party sold bearing Plaintiff Taylor and Ottey's Title and social security number; therefore Plaintiff's Ottey and Taylor would replace those bonds with the enclosed bonds.  I now own this case.  The enclosed forms which authorize you, and indeed, order you to: RECALL all the bonds/securities which were previously sold bearing the Title(s) of Pamela Taylor, Emani Pamela Taylor/PAMELA TAYLOR, EMANI PAMELA TAYLOR and any derivatives thereof and for Kevin Kado Ottey and KEVIN KADO OTTEY and any derivatives thereof, in all capacities and social security number, and refund these monies to Plaintiff's Taylor and Ottey, as those funds belonged to Plaintiff's Taylor and Ottey

242.    Defendant's Craig, Knipel, Sunshine and Gavin were instructed to "obtain the funding through the bonds enclosed; Send a statement of account showing a zero (0) balance, and a check for all bond monies previously received on this account, to the above mail location; Release the respondent/surety from your court records immediately., which further read as follows;

a) YOUR RESPONSIBILITY.  I (Plaintiff's Taylor and Ottey) understand it may take 60 days to process the enclosed bonds, but I (Taylor and Ottey) require a good-faith letter from you, within 10 days of the postmark on this communication, acknowledging receipt of the bonds and your good-faith intention to process the bonds and release me, <u>or in the alternative, your affidavit and bond in support of your claim of a defect in the bonds.</u>  I (Taylor and Ottey)  am also requesting copies of the 1099-OIDs, which were (or should have been) originally filed in regard to this case, as well as copies of IRS forms 706, 709, 56, W8, and W9, which should have been filed.  Your failure to respond within this time frame, in the manner stipulated, will comprise your default.

b) DEFAULT. Failure to respond pursuant to the said terms of response or specifically perform under the provisions of the enclosed government forms, i.e., credit and ledger claimant's tender of consideration, will comprise a default on your part. As an operation of law, a default will comprise your (Defendants DiFiore, Craig, Knipel, Gavin and Sunshine) agreement, consent and confession to all of the terms, statements and facts herein and herewith, and all inclusions and endorsements, front and back, annexed hereto. Your (Defendants DiFiore, Craig, Knipel, Gavin and Sunshine) default will comprise your confession to holding all liability in the aforesaid matter; your stipulation that the above noted party has exhausted his/her administrative remedy, and your consent to all necessary collection procedures. As well, your (Defendants DiFiore, Craig, Knipel, Gavin and Sunshine) default will comprise your confession to securities fraud, tax fraud, breach of fiduciary duty and false imprisonment, and will be certified and reported to the Governor and the Comptroller of your State, the IRS and the United States Attorney in your area. Your (Defendants DiFiore, Craig, Knipel, Gavin and Sunshine) default will comprise your (Defendants DiFiore, Craig, Knipel, Gavin and Sunshine) agreement to the arrest of your bond, and to the filing of criminal complaints (SF95) inter alia and/or a tort against you. (attached Exhibit)

c) CONFESSION OF JUDGMENT: Default will comprise your agreement to accept and pay certain fees. Your default is your agreement to pay a co-claimant fee of One Hundred Million Dollars ($100,000,000.00) for the privilege of being joined as a co-Claimant against legal fiction PAMELA TAYLOR or derivative EMANI PAMELA TAYLOR, KEVIN OTTEY or derivative KEVIN KADO OTTEY [in any capacities] pursuant to each attempt to impair the Claim or stultify the Claimant (Plaintiff's) or Debtor (the Trust).

d) SELF EXECUTING POWER OF ATTORNEY: To facilitate Plaintiff's strict compliance with all of the terms of the Contract, if you (Defendants DiFiore, Craig, Gavin, Knipel, Sunshine) fail to correct the default or notify me (Plaintiff's Taylor and Ottey) of a request for extension of time, within ten (10) days, you give, by remaining silent, unlimited power of attorney to Claimant (Taylor and Ottey) to sign and execute for you (Defendants DiFiore, Craig, Knipel, Gavin and Sunshine) regarding enforcement of your (Defendants DiFiore, Craig, Gavin, Knipel, Sunshine) obligations under this Contract. In that event, you (Defendants DiFiore, Craig, Gavin, Knipel, Sunshine) instruct and authorize the Claimant (Taylor and Ottey) to execute Respondent's (Defendants DiFiore, Craig, Gavin, Knipel, Sunshine) signature(s) in representative capacity on a *Self-executing Power of Attorney* document.

e) ESTOPPEL BY ACQUIESCENCE. Your (Defendants DiFiore, Craig, Gavin, Knipel, Sunshine)Default will comprise your (Defendants DiFiore, Craig,

Gavin, Knipel, Sunshine) agreement that all issues pertaining to this Contact are deemed settled and closed res judicata, stare decisis and collateral estoppel, and as a result, judgment by estoppel, and therein you (Defendants DiFiore, Craig, Gavin, Knipel, Sunshine) will be confessing to the criminal act of false imprisonment should you fail to release me.

243.      WAIVER OF RIGHTS.CONFESSION OF JUDGMENT.  Your (Defendants DiFiore, Craig, Gavin, Knipel, Sunshine) Default will comprise your (Defendants DiFior,Craig, Gavin, Knipel, Sunshine) consent, agreement and confession to **waive any and all rights** to raise a controversy, appeal, object to, or controvert administratively or judicially any of the terms and provisions in this Contract or the estoppel, as well as your (Defendants DiFior,Craig, Gavin, Knipel, Sunshine) consent to serving as a successor surety for all obligations, commercial and corporeal, attributed to the account.  Upon Default, you and your (Defendants DiFior, Craig, Gavin, Knipel, Sunshine)  agents may not argue, controvert, or protest the finality of the administrative findings to which you (Defendants DiFior,Craig, Gavin, Knipel, Sunshine) have agreed unless such Waiver of Rights, which follows, is declined in writing.  Any such argument or controversy will comprise your (Defendants DiFior,Craig, Gavin, Knipel, Sunshine) confession to Perjury, Enticement to Slavery and various crimes against humanity.  The respondent's confession of judgment in the said amount is res judicata and stare decisis.

As a direct and proximate cause of the acts herein mentioned acts of defendants, Plaintiffs suffered the following injuries and damages:
In violation of Plaintiff's constitutional rights under the New York and United States constitution and including but not limited to title 42 U.S.C. § 1983, 1985 and 1986. **(As per fee schedule)**

a.  As a direct and proximate cause of the acts herein, Plaintiff Taylor, Jawara and Ottey suffered the loss of personal property by Taylor and Jawara in 2017. **(As per fee schedule).**

b.  As a direct and proximate cause of the acts herein, Plaintiff Taylor and Ottey suffered the loss of personal property by Taylor and later in by Taylor and Ottey in 2019, which were kidnapped from their home. **15 million dollars.**

c.  As a direct and proximate cause of the acts herein, Plaintiff Suffered Intentional Distress. **(As per fee schedule)**

d. As a direct and proximate cause of the acts herein, Plaintiff Suffered Emotional Distress. **(As per fee schedule)**

e. As a direct and proximate cause of the acts herein, Plaintiff's suffered breach of contract by Plaintiff's Taylor and Ottey's Court and Fiduciaries of the City, State and Federal Government. **(As per fee schedule)**

**Wherefore, the Plaintiffs request this Court:**

A. Award plaintiffs, Howell, Ottey, Fernandes, Covington actual damages in the amount of 25,000,000. **On the Administrative Remedy that deals with this complaint.**

B. Award plaintiff's punitive damages of 25,000,000 that both actual and punitive damages be against each and very defendant jointly and severally as well as in their individual and official capacity. **On the Administrative Default that deals with this complaint.**

C. Award plaintiff's punitive damages of 25,000,000 that both actual and punitive damages be against each and very defendant jointly and severally as well as in their individual and official capacity. **On the Administrative Default that deals with this complaint.**

D. Issue a declaratory judgment that defendants violated the plaintiffs constitutional and civil right under the United states constitution, when Defendants directly caused, dispossess of Plaintiff's. **On the Administrative Default that deals with this complaint.**

E. Issue a declaratory judgment that defendants violated the plaintiffs constitutional and civil right under the United states constitution, when Defendants directly caused,

F. Issue a declaratory judgment that defendants violated the plaintiffs constitutional and civil right under the United states constitution, when Defendants negligently caused Plaintiff's disposess.

G. Issue a Declatory Judgment that defendants violated constitutional and due process rights of Force plaintiffs and from plaintiff's their homes unlawfully.

H. Award Plaintiff's punitive Damages of for property taken, withheld, damaged and stolen without just cause. **As per the Administrative Notice of Fee Schedule.**

I. Unlawfully arresting and maliciously prosecuting plaintiffs in a retaliatory manner for exercising their rights to redress from official misconduct. **As per the Administrative Notice of Fee Schedule.**

J.   Entering into a scheme in an organized manner designed to deprive plaintiffs of their federally and State protect rights. (In the Amount of 100 Million Dollars)

K.   Entering into a scheme by utilized their offices collectively to wrongfully deprive plaintiff of the procedural and administrative remedies to address and or resolve an ongoing violation of plaintiff's rights under law. (In the Amount of 100 Million Dollars)

L.   Causing plaintiff to suffer unauthorized and unwarranted penalties by person purporting to represent the laws plaintiff is protected by.  (In the Amount of 100 Million Dollars)

M.   For failing and or refusing to intercede and or response to written communications complaining of abuses, misappropriation of authority and acts clearly designed to cause harm to Plaintiff by defendants. (In the Amount of 20 Million Dollars)

N.   Failing to carry out their duties in a honorable and responsible manner by adequately interceding and taking effective measure to stop abuses complained of plaintiff. (In the Amount 20 Million Dollars.)

O.   Issue a injunction  prohibiting the sell, transfer or other impeding of title of the subject property.

P.   Issue Declatory Judgment restoring Plaintiff's possession: Insurance Bonds, the subject property at present are the only means of Plaintiff's being able to satisfy judgment when this court grants summary judgment against them, therefore Plaintiff's request an equitable and interim remedy immediately restoring Plaintiff's into possession pending the outcome of the within matter.

Q.   Summary Judgment based upon within Fee Schedule as against Defendants Ficchi, Ira Miller, Jeffrey Miller, Ludwig, Fucito as well against Defendants Craig, Knipel, Difiore, Gavin and Sunshine.

R.   Judgment sought is 450 Million Dollars excluding all taxes, fees, interest and costs and the amounts due upon the closure of this matter and the return of the securities from the Supreme Court State of New York, District Bankruptcy Court as well as this Court as a matter of Law.

Plaintiff's Verifications of this Complaints are hereby attached.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK,
--------------------------------------------------------------------------------------
KEVIN OTTEY, GRIER BOWEN, EMANI HOWELL, NEFERITTI COVINGTON,
DEBORAH WATKINS, ABRAHAM JAWARA, NAILAH FERNANDES,
TRUSTEE OF THE PAMELA TAYLOR FAMILY TRUST and
SECURED PARTIES: ESTATE EMANI TAYLOR, ESTATE KEVIN OTTEY

                                                    Plaintiffs,

          -Against-

                                                    **LIS PENDENS**

                                          **NOTICE OF LIS PENDENS
                                          AND NOTICE OF ACTION
                                          PENDING**

                                                    **FOR
                                          246 DECATUR STREET
                                          BROOKLYN, NEW YORK
                                                    11233
                                                  BL: 1680
                                                  Lot: 17**

UNITED STATES OF AMERICA DEPARTMENT OF TREASURY, STEVEN
MNUCHIN, DEPOSITORY TRUST and CLEARING CORPORATION,
SUSAN TYSK-COSGROVE,GENERAL SERVICES ADMINISTRATION,
GERARD BADORREK JACQUES JIHA, Commissioner New York City
Department of Finance; OFFICE OF COURT ADMINISTRATION, JANET
M. DiFIORE, Attorney Registration Number 3910569MICHAEL FICCI.
JR., Attorney Registration Number 4454419; JEFFREY MILLER
Attorney Registration Number 2739464; CARLA E CRAIG; Attorney
Registration Number1698893; ROBERT GAVIN, JR., NANCY T.
SUNSHINE Attorney Registration Number 1798982; LAWRENCE
STEVEN KNIPEL Attorney Registration Number 1865864; DEBRA LYNN
KRAMER Attorney Registration Number 1972405; AVRIL
JON ROSEN Attorney Registration Number 1965573; ELEANOR
PHILLIPS; GREGORY PHILLIPS Attorney Registration Number, IRA KEITH
MILLER Attorney Registration Number 5195714, ARNOLD JOEL
LUDWIG Attorney Registration Number 1264399, JOSEPH
FUCITO Sheriff for City of New York Badge Number;
STEWART TITLE COMPANY; MIKHAIL BERLIN Badge Number
416, SHERIFF MCKOSKER Badge Number 419, SHERIFF YANG Badge
Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF
LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF
DONALSON Badge Number 414, SHERIFF D. PRATT Badge
Number unknown, STEWART TITLE COMPANY,
Each are sued in their individual and official capacities,

Defendants

-------------------------------------------------------------------------------------------

PLEASE TAKE NOTICE THAT Plaintiffs KEVIN OTTEY, GRIER BOWEN, EMANI HOWELL, NEFERITTI COVINGTON, DEBORAH WATKINS, ABRAHAM JAWARA, NAILAH FERNANDES,TRUSTEE OF THE PAMELA TAYLOR FAMILY TRUST, EMANI TAYLOR, SECURED CREDITORS ESTATE, EMANI PAMELA TAYLOR, ESTATE, KEVIN OTTEY("Plaintiffs") have filed the following actions against Defendants UNITED STATES OF AMERICA DEPARTMENT OF TREASURY, STEVEN MNUCHIN, DEPOSITORY TRUST and CLEARING CORPORATION, SUSAN TYSK-COSGROVE,GENERAL SERVICES ADMINISTRATION, GERARD BADORREK JACQUES JIHA, Commissioner New York City Department of Finance; OFFICE OF COURT ADMINISTRATION, JANET M. DiFIORE, Attorney Registration Number 3910569MICHAEL FICCI. JR., Attorney Registration Number 4454419; JEFFREY MILLER Attorney Registration Number 2739464; CARLA E CRAIG; Attorney Registration Number1698893; ROBERT GAVIN, JR., NANCY T. SUNSHINE Attorney Registration Number 1798982; LAWRENCE STEVEN KNIPEL Attorney Registration Number1865864; DEBRA LYNN KRAMER Attorney Registration Number 1972405; AVRIL JON ROSEN Attorney Registration Number 1965573; ELEANOR PHILLIPS; GREGORY PHILLIPS Attorney Registration Number, IRA KEITH MILLER Attorney Registration Number 5195714, ARNOLD JOEL LUDWIG Attorney Registration Number 1264399, JOSEPH FUCITO Sheriff for City of New York Badge Number; STEWART TITLE COMPANY; MIKHAIL BERLIN Badge Number 416, SHERIFF MCKOSKER Badge Number 419, SHERIFF YANG Badge Number 250, SHERIFF MARTELLO Badge Number 320; SHERIFF LIEUTENANT TORRES, SHERIFF SANTOS Badge Number 415, SHERIFF DONALSON Badge Number 414, SHERIFF D. PRATT Badge Number, STEWART TITLE COMPANY

Defendants,

1.    Plaintiff's Filed on March 8, 2018 by Plaintiffs to redress injuries being suffered and to be suffered as a result of Defendants' conduct. DEFENDANTS HAVE FRAUDULENTLY MADE CHANGES TO THE LEGAL TITLE OF PLAINTIFF'S PROPERTY AND ARE ATTEMPTING TO UNLAWFULLY TAKE TITLE TO PLAINTIFF'S PROPERTY.

2.    Plaintiffs seek to protect their property interests. Plaintiff Grier Bowen is Trustee of the title holder to the property and Plaintiff Abraham Jawara is successor Trustee, beneficiary and life estate holder in the property known as:

ALL that certain plot, place or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Decatur Street, distant two hundred ninety five feet easterly from the corner formed by the intersection of the southerly side of Decatur Street and the easterly side of Lewis;

RUNNING THENCE  southerly parallel with Decatur Street, twenty feet;

THENCE easterly parallel with Decatur Street, twenty feet;

THENCE northerly parallel with Lewis Avenue and part of the distance through a party wall, one hundred feet to the southerly side of Decatur Street;

THENCE westerly along the southerly side of Decatur Street, twenty feet to the point or place of BEGINNING.

More commonly known as:
246 Decatur Street, Brooklyn, NY 11233,
Block: 1680 and Lot:17

Dated: March 8, 2019

_____

Grier Bowen, TTHE, PLAINTIFF


## NOTICE OF SERVICE

**New York State)**
　　　　　　　**)ss**
**Kings County )**


I, Kevin Ottey being says:


1. On 7th day 2019, I delivered a <u>Notice of Claim: SF form 95,</u> Notice of Claim and Notice to Court of Claims to Sue; upon the **Office of the Steven Mnuchin Treasury Department Certified Mail No: 7018 1830 0001 7236 8715, The Office of the Comptroller 1 Centre Street, New York, New York Certified Mail No: 7018 1830 0001 7236 8692 and State Court of Claims** Certified Mail No: 7018 1830 0001 7236 8708 Robert Abrahms Bldg, 7th Floor Claim Clerk, Albany, New York 12223.


2. See: Attached stamped Copies and copies of receipts Below:







CASE SERVICE LIST

JANET DiFIORE
OFFICE OF COURT ADMINISTRATION
25 Beaver Street 4th Floor
New York, New York 100041

NEW YORK STATE ATTORNEY GENERAL
LETITIA JAMES
28 Liberty Street 15th floor
New York, New York

Jacques Jiha Commissioner
Kings County Sheriff's Office
1 Centre Street North/ Rm 500
New York, NY 10007

New York City Sheriff's Office
Joseph Fucito
30-10 Starr Avenue
Long Island, NY 11101

MIKHAIL BERLIN Badge Number 416
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF MCKOSKER Badge Number 419
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF YANG Badge Number 250
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF MARTELLO Badge Number 320
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF LIEUTENANT TORRES
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF SANTOS Badge Number 415
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF DONALSON Badge Number 414
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF D. PRATT Badge Number unknown
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

Office of Treasury/Mnuchin
Bureau of Public Debt/Fiscal Service
200 3rd Street
Parkersburg, West VA 26106

Supreme Court of the
State of New York County of Kings
360 Adams Street/Lawrence Knipel
Brooklyn, NY 11201

Supreme Court of the
State of New York County of Kings
Nancy Sunshine
360 Adams Street
Brooklyn, NY 11201

United States Eastern
District Bankruptcy Court
Carla Craig
271 Cadman Plaza East
Brooklyn, NY 11201

United States Eastern
District Bankruptcy Court
Robert Gavin, Jr.,
271 Cadman Plaza East
Brooklyn, NY 11201

Debra Kramer
38 New Street
Huntington, New York 11743

Avrum Rosen
38 New Street
Huntington, New York 11743

Depository Trust Company
Susan Cosgrove/CFO
55 Water Street, 1SL.
New York, NY 10041-0099

Department of Justice
William P. Barr, Attorney-General
10th St. and Constitution Ave., Northwest
Washington, District of Columbia, U.S.A., Postal Zone: 20530

Arnold Ludwig & Ira Miller
26 Court Street Rm 400
Brooklyn, NY 11233

Michael Ficchi, Jr.,
706 5th Avenue
Brooklyn, New York 11215

Jeffrey Miller, PC
32 Broadway #1301
Brooklyn, New York 10004

General Service Administration
Badderek/CFO
1800 F Street, N.W.
Washington, D.C 20405

Stewart Title
CFO/ J. Allen Berryman
1980 Post Oak Blvd
Houston Texas 77056


CC:

Securities and Exchange Commission
Robert J. Jackson Jr. or Successor
100 F Street, NE
Washington, DC 20549-2736

USPS Office of the Consumer Advocate
475 L'Efant Plaza, SW Rm 4012
Washington, DC 20260-2200

US Department of Agriculture
Secretary Sonny Perdue or Successor
1400 Independence Ave, SW
Washington, DC 20250

OGS BUREAU OF RISK AND INSURANCE MANAGEMENT
32nd Floor, Corning Tower
Empire State Plaza
Albany, New York 12242

NEW YORK STATE INSURANCE COMMISSIONER
DEPARTMENT OF FINANCIAL SERVICES
Superintendent Maria T. Vull
1 State Street
New York, New York 10004

IRS
Officer David J. Kautler or Successor
Or his Successors or Assigns
1111 Constitution Avenue N.W.
Washington, D,C, [20224]
Non-Domestic without the United States

GOVERNOR OF THE STATE OF NEW YORK
ANDREW CUOMO
99 Washington Street
Albany, New York 12224

FBI Headquarters
Christopher A Wray or Successors
935 Pennsylvania Ave N.W
Washington, D.C. 20535

FBI Deputy Director
David Bowdich
935 Pennsylvania Ave N.W
Washington, D.C. 20535

Federal Trade Commissioner
Anti-Fraud Department
Joseph J. Simmons Chairman/Commissioner
600 Pennsylvania Ave, N.W.
Washington, D.C. 20580

### SERVICE LIST FOR ALL PLAINTIFF'S SHALL BE:

1. Plaintiffs EMANI HOWELL is and at all times mentioned in this complaint a tenant at, 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 718.781.2100**
2. Plaintiff, DEBRA WATKINS, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 347.234.2655**
3. Plaintiff, GRIER BOWEN, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 929.391.8764**
4. Plaintiff, NAILAH FERNANDES, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 347.234.2655**
5. Plaintiff, PAMELA TAYLOR FAMILY TRUST Grier
6. Plaintiff, ABRAHAM JAWARA, is and at all times mentioned in this complaint c/o owner of 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 929.391.8764**
7. KEVIN OTTEY, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233 a Secured Party Creditor in the Republic of New.
   **Tel: 347.885.4333**
8. Claimant, EMANI TAYLOR, is and at all times mentioned in this complaint owner of 246 Decatur Street, Brooklyn, New York 11233, a Secured Party Creditor in the Republic of New York.
   **Tel: 929.391.8764**
9. Plaintiff Abraham Jawara is and at all times mentioned in this complaint a tenant at, 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 718.781.2100**
10. Plaintiff Neferitti Covington is and at all times mentioned in this complaint a tenant at, 246 Decatur Street, Brooklyn, New York 11233.

**Plaintiffs shall receive all notices**
**c/o Notary Gabriel O. Mensah**
**1368 Fulton Street Suite 471722,**
**Brooklyn, NY 11247.**

## SERVICE LIST FOR ALL PLAINTIFF'S SHALL BE:

1. Plaintiffs EMANI HOWELL is and at all times mentioned in this complaint a tenant at, 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 718.781.2100**

2. Plaintiff, DEBRA WATKINS, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 347.234.2655**

3. Plaintiff, GRIER BOWEN, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 929.391.8764**

4. Plaintiff, NAILAH FERNANDES, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 347.234.2655**

5. Plaintiff, PAMELA TAYLOR FAMILY TRUST Grier

6. Plaintiff, ABRAHAM JAWARA, is and at all times mentioned in this complaint c/o owner of 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 929.391.8764**

7. KEVIN OTTEY, is and at all times mentioned in this complaint a tenant at 246 Decatur Street, Brooklyn, New York 11233 a Secured Party Creditor in the Republic of New.
   **Tel: 347.885.4333**

8. Claimant, EMANI TAYLOR, is and at all times mentioned in this complaint owner of 246 Decatur Street, Brooklyn, New York 11233, a Secured Party Creditor in the Republic of New York.
   **Tel: 929.391.8764**

9. Plaintiff Abraham Jawara is and at all times mentioned in this complaint a tenant at, 246 Decatur Street, Brooklyn, New York 11233.
   **Tel: 718.781.2100**

10. Plaintiff Neferitti Covington is and at all times mentioned in this complaint a tenant at, 246 Decatur Street, Brooklyn, New York 11233.

**Plaintiffs shall receive all notices**
**c/o Notary Gabriel O. Mensah**
**1368 Fulton Street Suite 471722,**
**Brooklyn, NY 11247.**

CASE SERVICE LIST

JANET DIFIORE
OFFICE OF COURT ADMINISTRATION
25 Beaver Street 4th Floor
New York, New York 100041

NEW YORK STATE ATTORNEY GENERAL
LETITIA JAMES
28 Liberty Street 15th floor
New York, New York

Jacques Jiha Commissioner
Kings County Sheriff's Office
1 Centre Street North/ Rm 500
New York, NY 10007

New York City Sheriff's Office
Joseph Fucito
30-10 Starr Avenue
Long Island, NY 11101

MIKHAIL BERLIN Badge Number 416
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF MCKOSKER Badge Number 419
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF YANG Badge Number 250
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF MARTELLO Badge Number 320
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF LIEUTENANT TORRES
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF SANTOS Badge Number 415
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF DONALSON Badge Number 414
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

SHERIFF D. PRATT Badge Number unknown
New York City Sheriff's Office
30-10 Starr Avenue
Long Island, NY 11101

Office of Treasury/Mnuchin
Bureau of Public Debt/Fiscal Service
200 3rd Street
Parkersburg, West VA 26106

Supreme Court of the
State of New York County of Kings
360 Adams Street/Lawrence Knipel
Brooklyn, NY 11201

Supreme Court of the
State of New York County of Kings
Nancy Sunshine
360 Adams Street
Brooklyn, NY 11201

United States Eastern
District Bankruptcy Court
Carla Craig
271 Cadman Plaza East
Brooklyn, NY 11201

United States Eastern
District Bankruptcy Court
Robert Gavin, Jr.,
271 Cadman Plaza East
Brooklyn, NY 11201

Debra Kramer
38 New Street
Huntington, New York 11743

Avrum Rosen
38 New Street
Huntington, New York 11743

Depository Trust Company
Susan Cosgrove/CFO
55 Water Street, 1SL.
New York, NY 10041-0099

Department of Justice
William P. Barr, Attorney-General
10th St. and Constitution Ave., Northwest
Washington, District of Columbia, U.S.A., Postal Zone: 20530

Arnold Ludwig & Ira Miller
26 Court Street Rm 400
Brooklyn, NY 11233

Michael Ficchi, Jr.,
706 5th Avenue
Brooklyn, New York 11215

Jeffrey Miller, PC
32 Broadway #1301
Brooklyn, New York 10004

General Service Administration
Badderek/CFO
1800 F Street, N.W.
Washington, D.C 20405

Stewart Title
CFO/ J. Allen Berryman
1980 Post Oak Blvd
Houston Texas 77056

CC:

Securities and Exchange Commission
Robert J. Jackson Jr. or Successor
100 F Street, NE
Washington, DC 20549-2736

USPS Office of the Consumer Advocate
475 L'Efant Plaza, SW Rm 4012
Washington, DC 20260-2200

US Department of Agriculture
Secretary Sonny Perdue or Successor
1400 Independence Ave, SW
Washington, DC 20250

OGS BUREAU OF RISK AND INSURANCE MANAGEMENT
32nd Floor, Corning Tower
Empire State Plaza
Albany, New York 12242

NEW YORK STATE INSURANCE COMMISSIONER
DEPARTMENT OF FINANCIAL SERVICES
Superintendent Maria T. Vull
1 State Street
New York, New York 10004

57

IRS
Officer David J. Kautler or Successor
Or his Successors or Assigns
1111 Constitution Avenue N.W.
Washington, D.C, [20224]
Non-Domestic without the United States

GOVERNOR OF THE STATE OF NEW YORK
ANDREW CUOMO
99 Washington Street
Albany, New York 12224

FBI Headquarters
Christopher A Wray or Successors
935 Pennsylvania Ave N.W
Washington, D.C. 20535

FBI Deputy Director
David Bowdich
935 Pennsylvania Ave N.W
Washington, D.C. 20535

Federal Trade Commissioner
Anti-Fraud Department
Joseph J. Simmons Chairman/Commissioner
600 Pennsylvania Ave, N.W.
Washington, D.C. 20580

**STATE OF NEW YORK**        )

**COUNTY OF** _King_        )

## VERIFICATION

_Abraham : Tawar_, the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _____ [        ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_07th_ Day of March , 2019

_____

**NOTARY**

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA8171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

**STATE OF NEW YORK**  )

**COUNTY OF** _Kings_  )

## VERIFICATION

_nailah fernandes_____, the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _nailah fernandes_    ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_07th_ Day of March , 2019

_____

**NOTARY**

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

**STATE OF NEW YORK**        )

**COUNTY OF** _King_        )

## VERIFICATION

_deborah : Watkins_ , the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _deborah : Watkins_ [            ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_07th_ Day of March , 2019

_____

**NOTARY**

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

**STATE OF NEW YORK**               )

**COUNTY OF** _King_               )

## VERIFICATION

_Kevin-Kado: OHey_____, the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _____ [          ]

Print Name:
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_0'th_ Day of March , 2019

_____

**NOTARY**

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

**STATE OF NEW YORK** )

**COUNTY OF** _Kings_ )

### VERIFICATION

_: en'ani : howell_ _____, the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _: imani " : howell_ [          ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_0ᵗʰ_ Day of March , 2019

_____ _C.A.Dawson._

NOTARY

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

**STATE OF NEW YORK**                    )

**COUNTY OF** _King_                    )

## VERIFICATION

_: fror :. bower_ _____, the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _: fror : bower_ [          ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_07th_____ Day of March , 2019

_____

**NOTARY**

CONSTANCE A DAWSON
Notary Public - State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

**STATE OF NEW YORK )**

**COUNTY OF KINGS     )**

### AFFIDAVIT OF VERIFICATION

:Emani-Pamela: Taylor, the undersigned hereby attests under the penalty of perjury and state the following to be true. I have read the within Complaint, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon conversations with my Beneficiary, and my personal knowledge of the records I hold in my possession.

_____

:emani-pamela:taylor                    ]

Subscribed before me this 8th Day of November , 2019

Witness One: _____ ]

Emani: Howell

Witness Two: _____ [       ]

Kevin-Kado: Ottey

Dear District Court Clerk

I am submitting this Affidavit, sworn to under the penalty of perjury, because the Sheriff's have seized our home and Michael Ficchi has denied us access to get ANYTHING from the property. When we were seized from possession the Sheriff's Department took ALL of my personal items including my ID.

I attempted to file a police report, they refused to take it stating it was under the jurisdiction of the Sheriff's Dept.  The next day we spoke with Defendant yang who stated all property was in possession of Michael Ficchi.

email-pamela.taylor



Emani P. Taylor
c/o 246 Decatur Street
US
Brooklyn, New York state
non domestic without the US

Issue date:        12 January 2018
Bond number:    RE 783 636 834

Steve Mnuchin, Secretary of the US Treasury
the United States Department of the Treasury
c/o 1500 Pennsylvania Ave NW
Washington, D.C. [20220]

**REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**
**REGISTERED NO. RE 783 636 834 US**

### PRIVATE BOND FOR SET OFF - NON-NEGOTIABLE
#### Value of Bond is Unlimited

Re:        CERTIFICATE OF LIVE BIRTH #156-59-123851 ACCEPTED FOR VALUE and EXEMPT FROM LEVY
DEPOSITED TO US TREASURY AND CHARGED TO **PAMELA, EMANI TAYLOR 066542677**

Attention: Steven Mnuchin, Respondent

Enclosed, the undersigned, **Pamela Taylor**, herewith accepts for value the enclosed bond, **Certificate of Live Birth, No. 156-59-123851**, and all endorsements front and back, **Authentication Number: 19001479-1, and 17000551-1**, being the only legitimate acceptor of said bond being the only party to have put any value into said bond, being the contributing beneficiary of the same. This is in accordance with Uniform Commercial Code, and House Joint Resolution 192 of 5 June 1933, and UCC 1-104 and UCC 10-104.

#### BOND ORDER

Please deposit this bond to an account bearing the Registered Mail Number **RE 783 636 834 US** for future identification purposes, and to be used as a set off account against any bills, taxes, or claims, and the like, against the **Pamela Taylor** as listed on **Certificate of Live Birth, No. 156-59-123851** or any bills, taxes, or claims, and the like, against the **EMANI P. TAYLOR 123851 (PAMELA TAYLOR**, debtor to Pamela Taylor, Secured Party, see enclosed UCC-1 Financing Statement), said claim(s) to have been "accepted" and endorsed by the **Pamela Taylor**.

Please adjust any bills, taxes, or claims, and the like, against the Pamela Taylor [see Certificate of Live Birth] or the **PAMELA TAYLOR 123851** to zero, charge, settle and close any such account, and return the interest to the principal, **Pamela Taylor** via the **PAMELA TAYLOR 123851** at the above post location.

Steven Mnuchin, the Secretary of the Treasury, the United States Department of the Treasury shall have Thirty (30) days from the date of receipt of this Bond, as witnessed by the Date of Receipt affixed to the USPS Domestic Return Receipt, to dishonor this Bond by returning this Bond to the Principal at the stipulated mailing address by non domestic post. Failure to return the Bond as stated shall constitute Acceptance and Honoring of this Bond and the Associated transactions, in accordance with the Law, by Steven Mnuchin, the Secretary of the US Treasury, and The United States Department of the Treasury to all of the Terms and Conditions contained herein.

This Bond shall be ledgered as an asset as best suits the needs of The United States Department of the Treasury.

This Bond expires at the moment the **Pamela Taylor** expires.

Pamela Taylor - Principal
Exemption ID # 066542677
c/o 246 Decatur Street
Brooklyn, New York
non domestic with the US

Abraham Jones – Surety #1
Exemption ID # 078948578
c/o 246 Decatur Street
Brooklyn, New York
non domestic without the US

Emani Howell – Surety #2
Exemption ID # 090827040
c/o 246 Decatur Street
Brooklyn, New York
non domestic without the US

Witness #1
Neferitti Covington
c/o 246 Decatur Street
Brooklyn, New York
non domestic without the US

Witness #2
Kevin Kado Ottey
c/o 246 Decatur Street
Brooklyn, New York
non domestic without the US

19001479-1



# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

I Certify That the document hereunto annexed is under the Seal of the State(s) of New York, and that such Seal(s) is/are entitled to full faith and credit.*

***For the contents of the annexed document, the Department assumes no responsibility**
*This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Michael R. Pompeo, Secretary of State , have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this eleventh day of October, 2018.

*Issued pursuant to CHXIV, State of Sept. 15, 1789. 1 Stat. 68-69; 22 USC 2657; 22USC 2651a; 5 USC 301; 28 USC 1733 et. seq.; 8 USC 1443(f); RULE 44 Federal Rules of Civil Procedure*

Secretary of State

By _____

Assistant Authentication Officer.
Department of State

**Respond to:**

**Emani Taylor [TRUST]**
**General Delivery**
**Decatur Street-246**
**c/o Brooklyn, New York Republic  NY 112331703 US**
**Outside the United States/Non-Domestic Non-Assumpsit**

**eastern district bankruptcy court, New York, New York**

| | |
|---|---|
| **--Emani Taylor--, Sui Juris** ) | **Case No: 1746112-cec** |
| **Demandant,** ) | |
| ) | |
| **against,** ) | |
| ) | |
| **E. D. Bankruptcy Court New York** ) | |
| **271 Cadman Plaza East** ) | |
| **Brooklyn, New York 11201** ) | |
| **Defendant.** | |

### LETTER OF UNDERTAKING OR STIPULATION
### In The Admiralty
### 28 U.S.C. 1333

**Firstly:** I Emani-Pamela: Taylor, Trustee, and 13 digit registered NON-UCC

Constitutional American per my registered **NON-UCC U.S. Mail # RE 726 135 199**

**US**, Silver Surety Bond No: RE 726 135 295 US.

**Secondly:** I am approaching you as a Constitutional 13 digit Treasury/Banking

Administrator over the UNITED STATES "Shadow Government-the UCC

CONTRACTOR" which is a UCC Bankrupt Corporation: a Universal "Commercial

Contracted Monetary Corporation of Shadow paper Money of "FRN" (Federal

Reserve Debts") and "BILLS OF CREDIT".

**Thirdly:** You are a Constitutional 13 digit-Treasury Banking Overseer of all of my

UCC CONTRACTOR-UNITED STATES and STATE OF NEW YORK Commercial

Banking Constructive Labor Contracted U.S. Shadow UCC PERSONS, which are

being employed under the UCC Shadow SIGNATURE in the CONTRACTOR'S

UCC Contract Labor's Payment Bonds; combined together as Fidelity Bonds of

commercial assurance obligations.

T

**Forms 1096 and related 1099A, 1099C and 1099OID in addition to GSA Bonds:**

**SF 28, SF 25(a)(16) SF 25, SF 24, OF 90, OF 91.**

**Fourth:** This proves the NATIONAL DEBTS were cancelled, which also includes the liquidation of all of my UCC Contract Trusts; Contractor' Performance Bonds and Labor Payment Bonds, which were combined together as "9 digit" Fidelity Bonds. The Fidelity Bond digit numbering exceptions being the UNITED STATES – UCC Governmental as the CONTRACTOR" of the American land "Certificate of Live Birth" –UCC Contract Trust.

1. (2) Copies of Endorsed "Certificate of Live Birth" -UCC Contract Trust # 15659123851.
2. Endorsed "Social Security Card" -UCC Contract Trust # 066542677.
3. GSA Bonds: SF 28, SF 25(a)(16) SF 25, SF 24, OF 90, OF 91.
4. Silver Surety Bond: RE 726 135 295 US
5. IRS FORMS: 1099A, 1099C, 1099OID
6. Copy of 1099/1040 IRS Acknowledgement Letter dated December 7, 2018.

**Fifth:** This Letter of Undertaking the undersigned agrees to obligations of performance /loss/costs sustained by the Eastern District Bankruptcy Court and to the respectful citizens thereof regarding Account Number (1746112) as well as State of New York Supreme Court County of Kings Index No: 47054/2007.

**Sixth:** All related documents have been tendered to The U.S. Department of Treasurer.

**Seventh:** All related documents have been submitted to this Court to include but not limit the following GSA Bond Forms: SF 28, SF 25(a)(16) SF 25, SF 24, OF 90, OF 91, Silver Surety Bond and IRS Forms 1099A, C and OID.

**Eighth:** A Copy of Silver Surety Bond is submitted to establish the undersigned is not "bankrupt".

**Ninth:** The amount of this undertaking may be determined by the Judge of the Court and entered by the Clerk of Court. For these bonds to be properly

credited this amount is required to be filled in and a copy of this document must be returned to the Trustee/Maker/Principal for proper accounting, crediting and payment. The Court is required to respond within ten (10) days of the presentment of this Undertaking/Stipulation.

## MEMORANDUM OF LAW:

**Tenth:** *UCC 3-603(b) if tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an endorser to accommodating party having a right of recourse with respect to the obligation to which the tender relates.*

**Eleventh:** *This undertaking includes all insurance or assurance by accommodation signature that has/have already been issued for account/case Number (1746112) and therefore any such instrument being previously offered for credit is/are hereby supported by ANY and ALL GSA Bonds bearing and related to case no: 1746112, the Non-UCC1 Contract Trust number RE 726 135 199 US, Silver Surety Bond No RE 726 135 295 US, covering all civil issues as a matter of right.*

**Twelfth:** All corporate States and corporate States' employees must prove Constitutional gold and silver money solvency to have 10th and 11th Amendment rights, or else they are *civiliter mortuus* due to bankruptcy and as pursuant to law.

**Thirteenth:** Upon the expiration of the 3rd day there was an acceptance of Silver Bullion surety bond No: RE 726 135 295 US , it is hereby agreed as contract between all State and Federal corporate public officials and the private party known as Noble Woman Emani Pamela Taylor™©® the public

party known as EMANI TAYLOR, and the private party known as Emani Pamela Taylor, Emani Taylor, that the corporate UNITED STATES and the corporate STATE OF NEW YORK, along with all officers, agents and employees, has now assumed the position of debtor within this bond; granting the Secured Party a perfected security interest, and in all matters contained herein.

**Fourteenth:** Pursuant to but not limited to the following codes and laws, please reference: Constitution for the united States of America, Article 1; Section 10 and Article 4; Sections 1 & 4, the Bill of Rights, the Coinage Act of 1792, U.S. Statutes at Large 1 Stat. 246-251, House Joint Resolution 192, U.S. Statutes at Large 48 Stat. 112-113, Public Resolution (Law) 73-10, UCC 1-103, 1-204, I: 207/1-308, 2-403, 2-606, 2-609, 2-610, 3-303, 3-305, 7-103, 9-210, and 9-311, Mills v. Duryee, 11 U.S. 481Qfill), Bank v. Sherman, 101 US. 403,406 (1879), Hale v. Henkel, 201 U.S. 43 (1906), Perry v. U.S., 294 U.S. 330 (1935), Guaranty Trust Co. of New York v. Henwood et al, 307 U.S. 247 (1939), Clearfield Trust Co. v. United States, 318 U.S. 363-371 (1943), Cooper v. Aaron, 358 U.S. 1 (1958), Pearlman v. Reliance Ins. Co., 371 U.S. 132 (1962), Downes v. Bidwell, 182 U.S. 244 (1901). (The dissent given by Justice John Marshall Harlan, on Congress unlawfully legislating outside of the Constitution and the loss of Constitutionally guaranteed Freedom; a warning which actually had come to pass, and created two different jurisdictions; a De Facto Democracy versus a De Jure Republic), Coleman v. Miller, 307 U.S. 433,448 (1939), Dyett v. Turner, 439 P.2d 266 (1968), State v. Phillips, 540 P.2d 936 (1975), Marbury v. Madison, 5 U.S. 137 (1803), Norton v. Shelby

County, 118 U.S. 425 (1886),

**Fifteenth:** (These cases show that the (color of law) 14th Amendment to the Constitution for the united States of America was unconstitutional due to Reconstruction Acts and rump legislation, and not ratified according to Article 5, and all unconstitutional acts by Congress are void), Dred Scott v. Sandford, 60 U.S. 393 (1857) (U.S. Citizenship/citizen ship was never to be granted to Natural Persons of Autochthonous, Aboriginal Indigenous Native American Muurish/Moorish (African) descent; who are actually Nationals at birth, and therefore not subject to the Corporate United States' and the 50 Corporate States' jurisdiction) Executive Orders 11110, 11825 and 13107, 27 CFR 72.11, the Par Value Modification Act, U.S. Statutes at Large 87 Stat. 352, as amended by section 2 (b), Fay Corp. v. Fredrick & Nelson Seattle, Inc., 896 F.2d, 1227 (9th Cir. 1990), Adams et al. v. Burlington Northern Railroad Company Nos. 94-35461, 94-35618, United States Court of Appeals, Ninth Circuit (1996). (This case proves that bonds, when first issued, come under Article 3 of the Uniform Commercial Code, the House Joint Resolution 192 bankruptcy is still on going, but all gold and silver clauses in all new obligations created after 1977 have been enforceable since October 27th, 1977.), U.S. v. Frega, 179 F.3d, 793 (9th Cir. 1999), Public Laws 89-719, 94-564, 95-147 (c), the U.S. House of Representatives of Pennsylvania's Hon. Louis T. McFadden's 1934 speech on the Federal Reserve Corporation and the U.S. Bankruptcy, United States of America Congressional Record; Proceedings and Debates of the 76th Congress; Third Session in August through September of J940- [emphasis added:

the Secret  unification of Great Britain, Israel and the United States! Steps Toward British Union, a World State and Internal Strife-Parts I-IX; remarks of Hon. J. Thorkelson of Montana, in the U.S. House of Representatives, The Book "Modern Money Mechanics " by the Federal Reserve Bank of Chicago and 26 USC 165(g)-value of Federal Reserve Notes (fiat currency) and bank checks having no commodity or intrinsic value whatsoever, and cannot stand as consideration in any contracts), 8 USC 1401 (b), 18 USC 8, 241, 242, 245, 891-894, 1091, 1001, 134, 6 1581, 1583 & 1961-1964, 28 USC 3002 et seq and 31 USC 5118(d)(2); et al public records, laws or codes to secure unalienable rights, redress, obtain remedy, accord and satisfaction, and relief.

**Sixteenth:** The intent of the bond, under Seal, is to establish, by My witness, the good credit, in the sum certain amount of 22 Troy ounces of .999 silver bullion, which carries no debt obligation worldwide, lawful substance of lawful specie money of the united States of America, available to bond the actions of the private party listed above, and further, in reservation of Rights under common law and customs of the united States of America, Original Jurisdictions, Original Rules, has, before this assembly of Men, a bond in tender of 22 Troy ounces of .999 silver bullion, Coinage Act of A.D. 1792, Bond of Identity and Character as proof positive, competent evidence, Noble woman Emani Pamela Taylor ™©, EMANI TAYLOR, EMANI PAMELA TAYLOR, Emani Pamela Taylor, Emani Taylor  cannot be bankrupt, *via* the *cause debendi,* not *cessio bonorum,* or *informa pauperis* , and *dolus* to trust EMANI PAMELA TAYLOR©™®

**Seveenth:** The life of this bond covers the natural lifespan of Noble

Woman Emani Pamela Taylor™©® from the date entered below, unless

any and all claimants against Noble Woman Emani Pamela Taylor™©® and

EMANI PAMELA TAYLOR©™® enters a true bill of particulars duly

presented *under penalties of perjury* and all related causes of action

and advice of counsel (who claimant works for) and information

with testamentary documentation duly presented *under penalties of*

*perjury,* as pursuant to Title 26 USC 6065; into evidence in the case of

the peculiar private party listed above, in which case the life of the

bond will stand as counter-claim to any such documentation which

is duly presented *under penalties of perjury,* as pursuant to Title 26

USC 6065, in the case of the peculiar party listed above; whereby, by

the signature, Jurat and Seal of  Noble Woman Emani Pamela

Taylor™©®, in capacity as beneficiary of the Original Jurisdictions,

surety, guarantor herein confirms, attests, and affirms this bond.

**Eighteenth:**(All claimants must prove that they are not acting as a

14th Amendment, U.S. citizen " person" corporate chattel, collateral

ward in bankruptcy, which would prove their incompetence, and

their solvency must be proven with bond in Lawful Specie Money

equal to or greater than the amount contained herein. The Secured

Party Creditor within this bond is hereby granted a perfected,

security interest and lien upon any corporation, agency, agent,

officer, employee and individual, natural person living "*corpus*", and

all real, personal, tangible and intangible property, and any and all

other types of property; no matter where *it* is held globally, and

under what name, classification, numbering system, *etc.;* attached

to the 14th Amendment, U.S. citizen " person" corporate chattel,

collateral ward; for violation of this said bond and denial of any

unalienable and commercial rights, and for presenting false claims

to the secured party. Penalties shall begin at 10,000 United States

Treasury Silver Eagle .999 Bullion Dollars or 10,000 other designated

Silver bullion coins per violation; in addition to other penalties set

forth in other documents such as the FEE SCHEDULE of the Secured

Party Creditor. This Clause is to affect all violators in their

public/corporate and private/individual capacities.) All assumptions

and presumptions have to be proven in writing, signed and sealed

*under penalties of perjury* before three witnesses as a valid response,

if any.

Nineteenth: Upon the US Treasurer and the Attorney General's failure of

response requested under the three (3) day grace period under Truth in

Lending, Regulation Z, to respond and rebut, point for point, this Notice

of Surety Act and Bond or to rebut point for point UCC 3-603(b), from

receipt, or any facsimile presentation of bond made after public

recording, UCC Section 1-204, unless a request for an extension of time is

presented in writing, claimant is hereby collaterally estopped from any

further adversarial actions against the peculiar private party listed

above, and for good cause not  limited  to the laws of collateral

estoppel, coercion, fraud and want of subject matter jurisdiction, the

peculiar private party listed above demands that the cause(s) be

vacated, dismissed and the accounts be  immediately discharged with

prejudice.

**Twentieth:** A lack of response or rebuttal under the penalties of perjury means claimant assents to this Notice of Surety Act and Bond and that a fault exists, UCC Section 1-201(16), creating fraud through material misrepresentation that vitiates all forms, contracts, testimony, agreements, etc. express or implied, from the beginning, UCC Section 1-103, of which claimant may rely on, and there is no longer permission by consent or assent for any demand of payment being ordered or levied against the peculiar private party listed above, and the peculiar private party listed above further demands that the record be expunged and the records and facts of the above attached captioned matter(s) be turned over to the Office of Homeland Security and any other interested federal agency for their investigation of violations of federal law and any interlocking agencies , et al. Failure to comply pursuant to the Truth in Lending Act will negate all remedies for claimant. Any Third Party compelled to serve will make claimant liable for civil and criminal prosecution in accordance with the Erie and Clearfield Doctrines.


**Twenty-One:** Any request for time must be made in writing and the requesting party waives consents to an automatic stay of any action(s) against the undersigned, by this court and or any third party, as it relates to this instant matter.

**Twenty-two:** The intent of the within LETTER OF UNDERTAKING OR STIPULATION is to insure this Court and all respectful actors are sufficiently indemnified from the potential losses or damages due to the actions of the allege defending t/vessel l with the understanding g that these bonds/securities are

offered in lieu of the arrest/holding/seizure/taking of the vessel/13 digit registered NON-UCC Constitutional American.

This letter is written entirely without prejudice to any rights, remedies, or defenses which the said vessel or other defendants may have pursuant to the general maritime law, any applicable e statutes and/or law of the forum, and/or applicable contracts, non e of which is to be regarded as waived, but rather are specifically reserved.

ORDER

Whereas,

(1.) Affiant is the agent for alleged EMANI TAYLOR©.

(2.) Alleged Defendant EMANI P. TAYLOR© is the "Original Issuer" of the credit on the debt instrument commonly known and identified as Claim or Case No. 17-46112 in THE EASTERN DISTRICT BANKRUPTCY COURT NEW YORK

(3.) THE EASTERN DISTRICT BANKRUPTCY COURT NEW YORK is a corporation doing business under an unknown tax identification number also known as UNITED STATES EASTERN DISTRICT COURT OF NEW YORK located at 271-C Cadman Plaza East, Brooklyn, NY 11201.

(4.) The Original Issue price of $_____(shall be determined by the Judge and executed by the Chief Clerk of the Court) for Claim or Case No. 1746112.

(5.) SETTLEMENT, SET-OFS, DISCHARGE, PRESENTEMENT was made utilizing GSA BONDS  SF 28, SF 25(a)(16) SF 25, SF 24, OF 90, OF 91. (Attached "A)

(6) SETTLEMENT, SET-OFF, DISCHARGE, PRESENTEMENT was made utilizing Bond No: 17000551-1 "pay to the order of the United State of America U.S. Treasury without recourse and  accepted by the State of New York on September 18,

2018 on behalf of and for THE EASTERN DISTRICT BANKRUPTCY COURT NEW

YORK. (Attached "B")

(7.) SETTLEMENT, SET-OFF, DISCHARGE, PRESENTEMENT was made on

November utilizing Bond No: 19001479-1 "pay to the order of the United State

of America U.S. Treasury without recourse on September 18, 2018, on behalf of

and for THE EASTERN DISTRICT BANKRUPTCY COURT NEW YORK. (Copied to

Carla E. Craig Certified Mail No: 7017 2680 0000 7771 2960 and Copied to

yourself Robert Gavin, Jr., Certified Mail No.: 7017 2680 0000 7772 0828

(8.) Set-off, settlement, discharge was made upon the filing Forms 1099A,

1099C and 1099OID with the  Internal Revenue Service Form 1099-OID

(attached Exhibit "C").

(9.) Creditor EMANI PAMELA TAYLOR© accepted the Claim for Case No. 17-

46112 on the attached Internal Revenue Service Form 1099-OID for the

assessed value of the taxes owed. (Attached "D")


W H E R E F O R E pursuant to **UCC 3-603(b)  tender of payment of an**

obligation to pay an instrument was(s) made to persons entitled to enforce

the instrument (in the instant matter Carla E. Craig and Robert Gavin,

Jr.,) and tender has been made, and there is no controversy in THE EASTERN

DISTRICT BANKRUPTCY COURT OF NEW YORK on Claim or Case No. 17-46112,

**It is hereby**

**ORDERED; the instant  matter  is discharged.**

**ORDERED; the within matter is settled.**

**ORDERED the within matter is set-off.**

**ORDERED this court does not have subject matter jurisdiction and must vacate**

Pay to the Order of:
Robert Gavin, Jr., d/b/a Chief Clerk
271 – C Cadman Plaza East, Brooklyn, NY 11201

For Further Credit to:
Case/Accountt True Bill No. 17-46112, issued by Clerk No. April 30, 2018

By/On/Through:
- IRS Forms: 1099A, 1099C and 1099OID
- GSA Bonds SF-1414, SF-1416, SF-1418, SF25, SF 30, SF25
- NON UCC-1 RE 726 135 199 US  & Silver Surety Bond RE 783 636 675 US on deposit with the U.S.
  Department of the Treasury

Emani Pamela Taylor, Private Offset Account No. 066542677
c/o SECRETARY OF THE TREASURY,
Steven Mnuchin
1500 Pennsylvania Avenue N.W.
Washington, D.C. 20220

*K N OW ALL MEN BY TH ESE PRESENTS, to facilitate lawful commerce in the absence of substance backed currency, Steven Mnuchin agents thereof (collectively (''Secretary '') shall upon receipt of these GSA Bonds as an asset to the benefit of the United States, to be used specifically in the manner described hereunder: These Bonds have been authorized and issued pursuant to title 18 USC Sect. 8. Drawn upon an authorized officer of the United States, issued under an Act of Congress (Public law 73- 10, HJR-192 of /933 and Title 31 USC 3123, and 31 USC 5103) with the full faith and credit of the grantor. Note: As the Silver Surety Bond is not in violation of USC 5103 and submitted to establish by prima facie evidence that the undersigned is not bankrupt.*

*IN TH E MATTER OF. Case No. 17-46112cec. Eastern District Bankruptcy Court, New York, discharge issued April 30, 2018, I, Emani Pamela Family of Taylor; Executor for EMANI PAMELA TAYLOR, hereby tender this bond under my seal to secure funding for discharging all due rent, court costs, controversies, charges, fees and fines for the purpose of sealing and closing all claims arising out of the matter. The Secretary has authorization to use the undersigned's private assets for the fulfillment of all obligations herein:*

**ORDER OF THE BONDS and IRS 1099OID, 1099C and 1099A.** *Upon presentment*

of the presentment of IRS Forms 1099A, 1099C and 1099ID, SF Forms 1414, 1416, 1418, 30, 28 and 25 (a)(16) or any such instrument of liability bearing the grantors seal of acceptance and/or referencing these Bonds, the Secretary shall; satisfy, set –off, pay, terminate and discharge dollar-for-dollar in accord with generally accepted accounting principles any and all past, present, and/or future debts, liabilities, encumbrance, deficiencies, deficits, liens, charges, fees, interest, bills, true bills, taxes, obligations of contract and/ performance, instruments of debt, and all other obligations solemnly and severally 'Liabilities attributed to the Account Holders and Accounts above-noted, and discharge in their entirely (v dollar for dollar by end of business same day at the offices of the United States Department of the Treasury any and all such Liabilities in an aggregate amount of their full value of these Bond through their private issue specified therein.

**SECURITY.**  Emani-Pamela family of Taylor does hereby declare the presentment of IRS Forms 1099A, 1099C and 1099OID, that **private NON-UCC-1 and Silver Surety Bonds   No. RE 726 135 199 US  & RE 783 636 675 US** have been deposited with the United States Department of the Treasury by Emani-Pamela; Family of Taylor and Company on or about November 27, 2018 and December as security for this Secured funding and discharging Bond.

**MATURITY.** Upon maturity, the Secretary shall mark this Bond cancelled and return **proof of** cancellation to the grantor or the grantors heirs by registered mail, all profits and proceeds accumulating since presentment to remain with the Secretary for the benefit and use of the United States Department of the Treasury.

IN WITNESS   WHEREOF, the Signatories to this Bond do hereby affix their respective hands and seals this ▮▮▮ day of the twelfth  month anno domino in the Year of Our Lord Two thousand and eighteen



Emani-Pamela: Taylor Principal /Secured Party Private Offsd Account No. 066542677 c/o 24ἔ Decatur Street, Brooklyn, NY {11233} Non-domestic

Liability of the Fiduciary the fiduciary waves all rights, defenses, immunities to justify non-performance to the terms and conditions of this contract. If the fiduciary fails to perform the fiducial duties, or breaches the terms of this contract, then it shall comprise the fiduciaries acceptance to liability as follows:

1. Acceptance of being named a lien debt or in UCC-1 commercial lien for the amount in default.
2. Acceptance that the issuer shall file a suspicious activity report (SAR) with the United States Treasury reporting your failure to Ledger or misappropriation of the funding.
3. Acceptance of full unlimited commercial liability on instrument up to ten (10) times the face value of the Instruments upon default.
4. Acceptance that your real property, personal property, fixtures, and accounts shall be collateral for any liens or levies executed by The Principal for the Fiduciary's breach of this Contract.

Surety and Collateral  The Principal accepts for collateral interest, all professional licenses, commercial bonds, insurance, assurance, as well as the real and moveable property and ban k and savings accounts of the fiduciary for value (equal consideration) to insure the fulfillment of the obligations arising from the constructive trust by your receipt of the within instruments deposited in a US Postal Depository Registered Mail RE **783 636 763 US**.

Liquidation of Collateral In the event of default the secured party shall have full power to privately or publicly sell, lease, lien, transfer, or otherwise deal with the collateral or proceeds or products therefrom, in her own name or in the name of Respondent(s)/ DEBTOR. All expenses related to the liquidation of collateral shall become a part of DEBTOR's indebtedness. The Secured Party, at his discretion, may transfer part or all of the collateral to his own name or to the name of his nominee.

Rights and Remedies The Principal shall have all the rights and remedies of a secured creditor under the provisions of the Uniform Commercial Code, as it has been adopted in the state where part or all of the collateral is located or presumed to be located, including but not limited to the right to proceed with self-help with or without a public court or tribunal. Rights and remedies available to Secured Party Creditor may be exercised singularly or jointly and in all venues and jurisdictions concurrently at the sole discretion of Secured Party Creditor.

Governing Law and Severability Private International Law shall govern and enforce this Contract. Should applicable laws deem any part or portion of this Contract as invalid or un enforceable, the remaining provision s shall not be affected, and shall be enforced to as great an extent as possible.

IN WITNESS WHEREOF, I hereunto set my hand and seal on this __12TH__    and hereby day of __DECEMBER__

Certify all the statements made above are true, correct and compete  2018

By: Emani Pamela Taylor,
Secured  Party/ Creditor
Principal
EMANI PAMELA TAYLOR, ESTATE
c/o 246 Decatur St, Brooklyn, NY 11233
ACKNOWL E DGEMENT

*Using a Notary on this document does not create an adhesion contract with the state nor does it alter the status Emani-Pamela: Taylor. Nor is the use of a Notary to be consumed as en/ranee into any foreign jurisdiction, but is used for VERIFICATION purposes ONLY!*

## ACKNOWLEDGMENT

New York State,
Kings County

On <u>December</u> <u>12</u> th 2018 before me ___EMANI TAYLOR___  a Notary Public personally appeared Emani Pamela of Family Taylor and proved to me on the basis of satisfactory evidence to be the man who is signatory on all within instruments, and acknowledged to me that she executed the same in his authorized capacity as his voluntary act and deed. WITNESS my hand and official seal.

(SEA L)
Notary Public/Witness

GLORIA H. WALDRON
NOTARY PUBLIC, State of New York
No. 01WA6251492
Qualified in Kings County
Commission Expires November 14, 2019

# NOTARY

State of New York                                    )
                                                      ) ss.:
County of _K_u_L_S_                                   )

On this ___17___ day of ___Dec___, 2018, before me, the undersigned officer, personally appeared Emáni Pamela Taylor, who satisfactorily proven to me to be the person whose name is subscribed to within the instrument and acknowledged that he executed the same, for the purposes therein contained.

In witness hereof I hereunto set my hand and official seal

_____

Notary  Public Commission Expiration:

GLORIA H. WALDRON
NOTARY PUBLIC, State of New York
No. 01WA6251492
Qualified in Kings County
Commission Expires November 14, 2019

AFFIDAVIT OF SERVICE
BILL OF LADING

I hereby certify that I have served a true and correct copy of the following presentment

- GSA Bonds: SF-24, SF-28, SF-25, SF 25(a) OF 90, OF 91
- Silver Surety Bond: RE 726 135 295 US (12pgs)
- IRS FORMS: 1099A, 1099C, 1099OID (6 pgs.)
- Original IRS Form W-9 Request for Taxpayer Identification Number and Certification and letter requesting tax payer identification number, (2 pages)
- Original IRS Form 56 Fiduciary Appointment of Robert Gavin, Jr., and Carla E. Craig (2pgs)
- Original Request for Statement of Accounting True and Correct and Authoritative Copy of True Bill No.: 1746112, issued by Clerk No. April 30, 2018, duly Endorsed as follows: "Accepted For Value" "Returned For Value" "Pay to the Order of Eastern District Bankruptcy Clerk c/o Robert Gavin, Jr.," "Deposit to the United States Treasury and Charge the same to EMANI PAMELA TAYLOR '
- "Endorsed Social Security Card- UCC Contract Trust #
- "Endorsed Certificate of Live Birth Endorsed and Deposited with the State of New York Division of Licensing on September 12, 2018 and Deposited with US Treasurer Steven Mnuchin on November 27, 2018

To the addressees named below, by depositing it with the United States Postal Service by Certified Mail No: 7018 1830 0001 5378 7917 and Registered Mail number RE 986529667US to the addresses as follows:

EASTERN DISTRICT CBANKRUPTCY COURT
Robert Gavin., Jr/Chief Clerk
271-C Cadman Plaza East
Brooklyn, NY 11201
RE 783 636 763 US
Certified Mail No: 7018 1830 0001 5378 7894

**any previous order(s) or judgment(s) made.**

**SO ORDERED**

By:Emani-Pamela: Taylor
**Private Attorney General**
**Authorized Representative**

*Executed without the UNITED STATES, I declare under penalty of perjury under the laws of the united states of America that the foregoing is true and correct.

## NOTARY VERIFICATION

State of New York                    )
                                     ) ss.:
County of ____Kigs____               )

On this ___12___ day of ___Dec___, 2018, before me, the undersigned officer, personally appeared Emani-Pamela:Taylor, who satisfactorily proven to me to be the person whose name is subscribed to within the instrument and acknowledged that he executed the same, for the purposes therein contained.

In witness hereof I hereunto set my hand and official seal

_____

Notary  Public Commission Expiration:

GLORIA H. WALDRON
NOTARY PUBLIC, State of New York
No. 01WA6251492
Qualified in Kings County
Commission Expires November 14, 2019

*Using a Notary on this document does not create an adhesion contract with the state nor does it alter the status Emani-Pamela: Taylor; Nor is the use of a Notary to be consumed as en/ranee into any foreign jurisdiction, but is used for VERIFICATION purposes ONLY!*

**STATE OF NEW YORK** )

**COUNTY OF** _King_ )

### VERIFICATION

_Ensham : Jawan_ , the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _____ ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_07th_ Day of March , 2019

_____

NOTARY

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

**STATE OF NEW YORK**          )

**COUNTY OF** _King_          )

## VERIFICATION

_deborah watkins_____, the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _deborah watkins_                    ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_04 th_ Day of March , 2019

_____

**NOTARY**

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

**STATE OF NEW YORK** )

**COUNTY OF** _Kings_ )

## VERIFICATION

_Cailin Fernandes_ , the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _Cailin Fernandes_ ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_07th_ Day of March , 2019

_____
NOTARY

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

STATE OF NEW YORK          )

COUNTY OF _King_          )

## VERIFICATION

___frои . bower_____, the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph _froi . bower_____ ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_07th_ Day of March , 2019

_____

**NOTARY**

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

STATE OF NEW YORK        )

COUNTY OF _Kings_        )

## VERIFICATION

*erani : howell*_____, the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph *: imani : howell*        ]

**Print Name:**
**246 Decatur Street**
**Brooklyn, New York 11233**

Sworn to before me this

_07th_ Day of March , 2019

_____

NOTARY

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

**STATE OF NEW YORK** )

**COUNTY OF** _Kings_ )

## VERIFICATION

_Kevin-Kado : Otty_____, the undersigned hereby swears under the penalty of perjury and affirms the following to be true. I have read the within SUMMONS AND COMPLAINT, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon my personal knowledge of the facts and upon the records, I hold in my possession.

Autograph_____ [        ]

**Print Name**
**246 Decatur Street**
**Brooklyn, New York 11233**


Sworn to before me this

_07th_ Day of March , 2019


_____

NOTARY

CONSTANCE A DAWSON
Notary Public – State of New York
NO. 01DA6171836
Qualified in Kings County
My Commission Expires Jul 30, 2019

Dear District Court Clerk

     I am submitting this Affidavit, sworn to under the penalty of perjury, because the Sheriff's have seized our home and Michael Ficchi has denied us access to get ANYTHING from the property. When we were seized from possession the Sheriff's Department took ALL of my personal items including my ID.

     I attempted to file a police report, they refused to take it stating it was under the jurisdiction of the Sheriff's Dept. The next day we spoke with Defendant yang who stated all property was in possession of Michael Ficchi.

email-pamela: taylor

**STATE OF NEW YORK )**

**COUNTY OF KINGS    )**

### AFFIDAVIT OF VERIFICATION

:Emani-Pamela: Taylor, the undersigned hereby attests under the penalty of perjury and state the following to be true. I have read the within Complaint, know the contents thereof to be true to my knowledge, except those matters made upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon conversations with my Beneficiary, and my personal knowledge of the records I hold in my possession.

_____
:emani-pamela:taylor

Subscribed before me this 8th Day of November , 2019

Witness One: _____ ]
Emani: Howell

Witness Two: _____ [      ]
Kevin-Kado: Ottey

## CONTENTS OF EXHIBITS

**Exhibit A:**    District Attorney Charles Press Release. Dated 11.30.2006

**Exhibit B:**    Order of Appointment Letters of Administration for Co-Distribute of Defendant Eleanor Phillips.

**Exhibit C:**    Junction Abstract. Affidavit of Heir ship related to Defendant Eleanor Phillips.

**Exhibit D:**    Affidavit of Defendant Ira Miller in 2017 regarding Defendant Gregory Phillips.

**Exhibit E:**    Copies of GSA Bonds Submited to Supreme Court County of Kings 47054/2007 and Eastern District Bankruptcy Court of New York

**Exhibit F:**    Bureau of Public Debt Letter and Copy of Authenticated Birth Certificate Deposited with the US Department of Treasury. NOTE: U.S. Postal Service Acknowledgement to Defendants Mnuchin and Craig.

**Exhibit G:**    Silver Surety Bond Submitted to the State of New York Attorney General RE 726 135 313 US and US Department of Treasury Steven Mnuchin RE 726 135 295 US.

**Exhibit H:**    Copy of Bankruptcy Discharge for Emani Taylor served upon alleged Creditor Defendant Fucito.

**Exhibit I:**    U.S. Postal Tracking Information.

**Exhibit J:**    Copy of January 2019, Notarial Presentment of Writ of Affidavit Presented to Defendants Ira Miller, Knipel, James, Jiha, Difiore courtesy copy to: IRS Department of Treasury.

**Exhibit K:**    9.27.2017 Notice of Motion by Defendant Ira Miller In Re: to be replaced as counsel for Defendant Eleanor Phillips.

**Exhibit L:**    Obituary of Defendant Eleanor Phillips.

**Exhibit M:**    Defendant Ficchi's Fraudulent Note of Entry of Order of Judge Edgar Walker.

**Exhibit N:**    Notarial Presentment Presented to Defendant Office of NYC Sheriff Fucito In Re: Letter Rogatoy Courtesy copy to Attorney General New York Barbara Underwood, Post Master General Megan Brennan and Office of the Governor

**Exhibit O:**    Affidavit of Notarial Presentment Dated July 25, 2018 submitted to Defendants Mnuchin, Ficchi, ira miller, Jeffrey Miller, Ludwig, DiFiore. Courtesy Copy: Lawrence K. Marks, United States Trustee William Harrington. Federal Trade Commission, US Dept. of State, Hakeem Jeffries, US Dept. of Labor.

**Exhibit P:**    Fraudulent Verification by Ira Miller

**Exhibit Q :**    Copies of 1099's Submitted to Settle/Set-Off Discharge

**Exhibit R :**    Proof of Service upon Defendant's Gavin and Craig

**Exhibit S:**    Notice of Intent Fee Schedule

**Exhibit T :**    Eastern District Settlement/Set-Off Order